Guy W. JOHNSON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7401.

Court of Appeals of Alaska.

June 22, 2001.

David K. Allen, Assistant Public Advocate, Fairbanks, and Brant G. McGee, Public Advocate, Fairbanks, for Appellant.

W.H. Hawley, Jr., Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### OPINION

STEWART, Judge.

Guy W. Johnson was convicted of first-degree murder [1] and sentenced to 99 years in prison. The Office of Public Advocacy filed an appeal on Johnson's behalf, but Johnson's appellate attorney now seeks our permission to withdraw from the case. According to Johnson's attorney, the only issues that might be raised on appeal are frivolous.

Competing societal values are at issue when an attorney pursuing an appeal on behalf of an indigent criminal defendant concludes that further litigation would be frivolous. On the one hand, indigent defendants are entitled to an attorney who will competently and zealously pursue their interests, and the courts must vigilantly protect this right to effective representation. On the other hand, attorneys are duty-bound not to pursue frivolous litigation,[2] and state governments have a legitimate interest in not spending public money to subsidize frivolous appeals.

In a series of cases beginning with *Anders v. California*[3] and currently ending with *Smith v. Robbins*,[4] the United States Supreme Court has addressed and attempted to reconcile these competing values. In *Griffin v. State*,[5] we recently reviewed these Supreme Court decisions in the context of an application for post-conviction relief. Based on our review, we concluded that the federal constitution prohibits a court from allowing an indigent defendant's attorney to withdraw from the case unless there is reasonable assurance that the indigent's appeal will be "resolved in a way that is related to the merit" of that appeal—in other words, unless there is reasonable assurance that the appeal indeed presents only frivolous issues.[6]

1. AS 11.41.100(a).

2. *See* Alaska R. Prof. Conduct 3.1: ("A lawyer shall not bring or defend a proceeding or assert or controvert an issue ... unless there is a basis for doing so that is not frivolous[.]").

3. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

4. 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

5. 18 P.3d 71 (Alaska App.2001).

6. *Id.* at 75–76 (quoting *Smith v. Robbins*, 528 U.S. at 277, 120 S.Ct. at 759 (discussing direct appeals)).

We further concluded in *Griffin* that an attorney representing an indigent defendant should not be allowed to withdraw from an appeal until both the attorney and the court affirmatively have determined that the appeal is frivolous—*i.e.,* that no reasonable argument could be made in favor of the appeal:

> Because an indigent litigant can be deprived of appointed appellate counsel only if the appeal is truly frivolous, .... an appellate court must not grant the attorney's motion to withdraw until the court has independently assessed the case and likewise reached the conclusion that the appeal is frivolous.[7]

In the present case, Johnson's attorney submitted a brief identifying six issues that might be raised on appeal. However, Johnson's attorney does not explain why he believes these issues are frivolous. The brief contains only a cursory discussion of the facts underlying these potential issues, and it contains no discussion of the law.

Such abbreviated treatment does not allow this court to discharge our constitutional duty to verify independently that Johnson's potential appellate issues are as frivolous as his attorney contends. We therefore direct Johnson's attorney to file an amended brief that satisfies the requirement we established in *Griffin:* "[An] attorney seeking to withdraw from [an appeal] must provide [this]

court with a full explanation of all the claims the attorney has considered and why the attorney has concluded that these claims are frivolous." [8]

Johnson's attorney shall file an amended brief within forty-five days of this decision. This brief shall be served on both the State and Johnson himself.

If Johnson's attorney, having considered the case anew, concludes that there are non-frivolous issues to be pursued on appeal, he should brief those issues. The State shall then have thirty days to file its responding brief.

If, on the other hand, Johnson's attorney again concludes that there are no non-frivolous issues to be pursued in this appeal, Johnson shall have the opportunity to respond. Johnson shall have thirty days to file his own brief discussing why he believes there are issues of arguable merit to be pursued on appeal. The State's brief shall be due thirty days after the filing of Johnson's brief.

7. *Id.* at 73.

8. *Id.* at 77.