John Bruce GRINOLS, Petitioner/Cross–Respondent,

v.

STATE of Alaska, Respondent/Cross–Petitioner.

Nos. S–9939, S–9940.

Supreme Court of Alaska.

Aug. 1, 2003.

John B. Grinols, pro se, Vancouver, British Columbia, Canada.

Nancy R. Simel, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Respondent/Cross–Petitioner.

Marcia E. Holland, Assistant Public Defender, Fairbanks, and Barbara K. Brink, Public Defender, Anchorage, for Amicus Curiae Alaska Public Defender Agency.

Before: FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

CARPENETI, Justice.

## I. INTRODUCTION

We accepted two questions on a petition for hearing regarding the ability of a defendant to challenge the effectiveness of post-conviction relief counsel: (1) Whether the due process clause of the Alaska Constitution requires that a criminal defendant be able to challenge the effectiveness of counsel in a post-conviction proceeding, and (2) if so, whether due process requires the appointment of counsel in that proceeding. Because the due process clause does require that a defendant be able to challenge the effectiveness of counsel, we affirm the decision of the court of appeals on the first question. Because the petition for hearing was improvidently granted on the second question—

whether due process requires counsel to be appointed in such proceedings—we decline to consider it.

## II. FACTS[1] AND PROCEEDINGS

John Grinols was convicted of three counts of sexual abuse of a minor in 1992. In 1995 the court of appeals affirmed those convictions. Grinols then filed a petition for post-conviction relief, alleging ineffective assistance of counsel on the part of his trial attorney. That petition was denied and that denial was affirmed by the court of appeals in 1998.

Grinols next filed a petition for writ of habeas corpus in January 1999, raising new attacks on his conviction. Relying on Alaska Civil Rule 86(m), the superior court ruled that Grinols's habeas corpus petition had to be treated as a second application for post-conviction relief. As AS 12.72.020(a)(6) declares that defendants are entitled to only one application for post-conviction relief, the superior court dismissed Grinols's lawsuit.

Grinols appealed the dismissal, arguing that he had a constitutional right to pursue the new collateral attacks on his conviction. He argued that Civil Rule 86(m) abridged his right of habeas corpus or, in the alternative, that even if his habeas corpus petition must have been deemed a second application for post-conviction relief, he was still entitled to litigate his claims in spite of AS 12.72.020(a)(6). Grinols also contended that he was entitled to appointed counsel to assist him in his litigation.

The court of appeals held that the doctrine of *res judicata* that applied to habeas corpus and post-conviction relief litigation even prior to the enactment of the rule and statute would bar all but three of Grinols's claims. Of those three claims, the court of appeals held, one should have been treated as a motion in the underlying case[2] and another fell within a legislatively-created exception to the ban on second applications for post-con-

---

1. The facts of this case are drawn principally from the opinion in the court of appeals, *Grinols v. State,* 10 P.3d 600 (Alaska App.2000).

2. The court of appeals thus reversed the superior court's denial of relief under AS 12.72.020(a)(6) and remanded for further proceedings in the trial court. *Id.* at 619–20.

viction relief.[3] The only remaining claim before the court was Grinols's assertion that he received ineffective assistance of counsel when he litigated his first application for post-conviction relief.

The court of appeals upheld the constitutionality of Civil Rule 86(m), which states that post-conviction relief supersedes habeas corpus as the method for collateral attack, and it upheld AS 12.72.020(a)(6), which limits a defendant to one application for post-conviction relief. The court further held that, under the due process clause of the Alaska Constitution, defendants must be allowed to pursue a second petition for post-conviction relief if they allege that they received ineffective assistance of counsel in litigating their first application. The court reasoned that, as defendants have a right to competent legal representation when they litigate a first application for post-conviction relief, they must be allowed to attack the result of that first application by showing that they received incompetent representation.

In order to challenge the effectiveness of counsel, the court of appeals held that the defendant must do more than show that his or her post-conviction relief attorney failed to raise or competently argue a colorable claim. The defendant must also prove (1) that the defendant was diligent in raising the ineffective counsel claim, (2) that the prior post-conviction relief attorney was incompetent, (3) that the underlying claim was meritorious, and (4) that there is a reasonable possibility that the outcome of the defendant's original trial court proceedings would have been different but for counsel's incompetence.[4]

The court of appeals, though, held that indigent defendants are not entitled to counsel at public expense when litigating a second application for post-conviction relief. Rath-er, the court stated, the superior court has authority, under the due process clause, to appoint counsel for an indigent defendant where the court finds that a lawyer's assistance is needed for a fair and meaningful litigation of the defendant's claim.[5]

Grinols filed a petition for hearing, alleging several errors. The state cross-petitioned, arguing that the court of appeals erred in holding that under the due process clause of the Alaska Constitution a defendant may bring a second application for post-conviction relief if the defendant alleges ineffective assistance of counsel in litigating the first application. We granted the state's cross-petition and one part of Grinols's petition. We directed the parties to file briefs addressing two issues:

a. Under the Alaska Constitution's due process clause, must defendant be given an opportunity to challenge the competency of representation provided by an appointed attorney who represented the defendant in a post-conviction relief action?

b. If so, does the defendant also have a constitutional right to counsel and to appointed counsel to assist in prosecuting the ineffective assistance of counsel claim? [6]

We also invited the Alaska Public Defender Agency and the Office of Public Advocacy to file amicus briefs.[7]

### III. STANDARD OF REVIEW

We interpret the Alaska Constitution using our independent judgment,[8] "adopt[ing] the rule of law that is most persuasive in light of precedent, reason, and policy." [9]

---

**3.** Accordingly, the court of appeals reversed the superior court and remanded for further proceedings. *Id.*

**4.** *Id.*

**5.** *Id.*

**6.** Alaska Supreme Court Order No. 9940 (July 5, 2001).

**7.** *Id.*

**8.** *Leisnoi, Inc. v. Stratman,* 960 P.2d 14, 17 (Alaska 1998).

**9.** *Guin v. Ha,* 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

## IV. DISCUSSION

In his brief to this court, Grinols separates his argument into nine sections. Six of those nine sections [10] have no bearing on the questions accepted by this court for review. Rather, these sections either argue the merits of his ineffective counsel claim in his first post-conviction relief proceeding; detail specific encounters with various people involved in the investigation or litigation; or threaten members of the prosecution team, law enforcement, and this court.

The remaining three sections of Grinols's brief, titled "Constitutional Right to Counsel," "Due Process," and "Ineffective Assistance and the Denial of Habeas Procedures as Remedy," at least nominally relate to the questions before this court. In his discussion of the constitutional right to counsel, though, Grinols spends the majority of his argument asserting his right to appointed counsel of his choice, his right to co-counsel in a dual representation scheme, and the merits of the attorney-client privilege in a post-conviction relief proceeding.

■ Given this state of the briefing, we will address the arguments asserted by the state and by the public defender as amicus. To the extent that Grinols's arguments reach either of the questions accepted by us for review, those arguments will be addressed. However, because in a petition for hearing we will review only those issues accepted by this court,[11] we will not address the remainder of Grinols's arguments.

**A. Under the Due Process Clause of the Alaska Constitution, a Defendant Must Be Given an Opportunity To Challenge the Competency of Representation Provided by an Appointed Attorney Who Represented the Defendant in a Post-Conviction Relief Action.**

**1. The right to counsel in a first post-conviction proceeding is of a constitutional nature; it may not be abridged by statute.**

The state argues that the right to counsel in a post-conviction relief proceeding is statutory and therefore not subject to the guarantee of effective assistance of counsel. After discussing the original right to counsel envisioned by the drafters of the Alaska Constitution and *Gideon v. Wainwright*,[12] the state analyzes the development of the right to counsel in post-conviction relief litigation. We review that history now to place the right to counsel in its proper historical context.

In *Nichols v. State*,[13] we first acknowledged that a defendant is entitled to representation at the hearing of a first application for post-conviction relief,[14] although the court was divided in its reasoning. Justice Dimond based the court's opinion on equal protection grounds, stating that where a person seeking to have a sentence vacated or set aside under the criminal rules has the right apart from statute to hire representation for the hearing, a prisoner without funds to hire counsel for the hearing has the right to have counsel appointed.[15] Justice Rabinowitz, in a concurring opinion, stated that once a hearing under the criminal rules to set aside a conviction is required, the contemplated hearing is adversarial in nature and that "[f]ailure to appoint counsel in such circumstances results

---

**10.** Grinols titles these sections "Post-Conviction Ineffectiveness"; "The Affirmative Defense of Reasonable Mistake of Age"; "Procedural State Terrorism Resulting in Ineffective Assistance of Counsel"; "Probation and Parole Procedural State Terrorism"; "Alaska Statutes and Legislation and State Procedural Terrorism: Unreasonable Punishments Imposed Against the Family"; "Unreasonable Legislative Statutes—Oppressive Requirements for Classifications."

**11.** Alaska R.App. P. 305(a)(1) provides:

*Unless the order granting a hearing provides otherwise,* hearing is granted as to all points raised in the petition (see Rule 303(b)(4))[.] (Emphasis added.)

**12.** 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

**13.** 425 P.2d 247 (Alaska 1967).

**14.** *Id.* at 255.

**15.** *Id.*

in fundamental unfairness to an indigent movant." [16] Justice Rabinowitz supported his concurrence with two alternate theories: First, the supervisory powers of this court over the criminal justice system require appointment of counsel to all indigent defendants in a hearing to set aside or vacate a sentence, thereby "giv[ing] recognition to the paramount importance of insuring the integrity and accuracy of [this court's] fact-finding processes." [17] Alternatively, Justice Rabinowitz stated that denying appointment of counsel in this case was "fundamentally unfair and violative of the due process clause of article [I], section 7 of the Alaska Constitution." [18]

*Donnelly v. State*[19] expanded the right articulated in *Nichols.* In *Nichols* we "held that an indigent prisoner seeking [post-conviction relief] must be afforded representation at a hearing for post-conviction for relief." [20] *Donnelly* held that "the counsel requirements compelled by *Nichols* must be extended to require representation at the time the initial application is filed." [21] We further stated, "[i]t is therefore essential that he be represented by *competent* counsel in the event that he is unable to afford an attorney." [22] Although *Donnelly* did not expound on the basis for the right to counsel, and in *McCracken v. State*[23] we noted that "our ruling [in *Donnelly*] was compelled not by the Constitution, but rather by what we regarded to be an inherent procedural requirement of [Alaska] Criminal Rule 35," [24] we did not foreclose the existence of the constitutional right. We also stated that, although Criminal Rule 39(b), by its use of the term "defendant," applied to appointment of counsel in pre-conviction proceedings, "the appointment of counsel in post-conviction relief proceedings is nevertheless mandated by the Criminal Rules." [25]

The court of appeals addressed the basis for the right to counsel in post-conviction relief proceedings in *Hertz v. State.*[26] In *Hertz,* the appeals court stated that it had been suggested "that the Alaska Constitution guarantees a right to counsel in post-conviction proceedings," citing the divided court in *Nichols,* but that subsequent cases had indicated "that an indigent defendant's right to the appointment of counsel in presenting his or her first application for post-conviction relief [was] based solely on the rules of criminal procedure," [27] citing *McCracken* and *Donnelly.* In his concurrence to *Hertz,* then-Chief Judge Bryner stated that "[i]nasmuch as the supreme court has decided that representation by counsel [in an initial application for post-conviction relief] is a matter of right, there is simply no basis for concluding that post-conviction relief applicants should receive anything less than the full, effective assistance of counsel that is constitutionally guaranteed." [28]

The state argues that under *Nichols* and *Donnelly* the court of appeals was wrong in its conclusion in *Hertz* and that the right to counsel under AS 18.85.100(c) is not of a constitutional nature and does not give rise to a due process right to counsel. As this right is either statutory or granted under this court's supervisory powers, the state asserts, the right can be restricted, as other rights have been.

■ We start with the observation that in *Nichols* the majority—both Justice Dimond and Justice Rabinowitz [29]—found that the

16. *Id.* at 256 (Rabinowitz, J., concurring).

17. *Id.*

18. *Id.*

19. 516 P.2d 396 (Alaska 1973).

20. *Id.* at 399 (summarizing the holding in *Nichols* ).

21. *Id.*

22. *Id.*(emphasis added).

23. 518 P.2d 85 (Alaska 1974).

24. *Id.* at 90 n. 14.

25. *Id.* at 88 n. 2.

26. 755 P.2d 406 (Alaska App.1988), *superceded on other grounds by rule as stated in Griffin v. State,* 18 P.3d 71 (Alaska App.2001).

27. *Id.* at 407–08.

28. *Id.* at 410 (Bryner, C.J., concurring).

29. Only Chief Justice Nesbett, the third member of what was at the time a three-member court, disagreed with the holding that the right to representation was constitutionally-based. *Nichols,* 425 P.2d at 256.

right to representation of an indigent prisoner bringing an application for post-conviction relief was constitutionally-based. Next, in *Donnelly* we held that it was "essential" that an indigent prisoner bringing an application for post-conviction relief be represented from the time of the filing of the claim.[30] The right to representation, first articulated in *Nichols*, was expanded in *Donnelly* "to assure a full and fair exploration of the claim."[31] This language shows that our concern for fairness, an inherent concern in the criminal justice system, prompted the guarantee of a right to counsel in post-conviction relief litigation. And as then-Chief Judge Bryner of the court of appeals stated, it appears as though "representation by counsel is a matter of right."[32] To the extent that any of our prior decisions has cast doubt upon the constitutional underpinning of the right to counsel in post-conviction relief actions, we hold today that the right to counsel in a first application for post-conviction relief is of a constitutional nature, required under the due process clause of the Alaska Constitution.

### 2. The Alaska Constitution's due process clause requires that counsel in a post-conviction relief application be effective.

We turn now to the question whether the Alaska Constitution's due process clause requires that counsel in a first application for post-conviction relief be effective.

The Alaska Constitution guarantees that "[n]o person shall be deprived of life, liberty, or property, without due process of law."[33] We have adopted the balancing test from *Mathews v. Eldridge*[34] to determine what process is due:[35]

> Identification of the specific dictates of due process generally involves consideration of three distinct factors: the private interest affected by the official action; the risk of an erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's interest, including the fiscal and administrative burdens that additional or substitute procedural requirements would entail.[36]

The private interest affected in a case in which a defendant seeks to bring an ineffective counsel claim against an attorney appointed to represent the defendant in a post-conviction relief proceeding is the defendant's interest in effective representation. An indigent defendant is guaranteed legal representation in a first application for post-conviction relief both under the Alaska Constitution[37] and under AS 18.85.100(c).[38] If defendant's post-conviction relief counsel were ineffective, viable challenges to a conviction would be foreclosed and relief would be denied if a second petition for post-conviction relief were barred. Without relief, there is no guarantee of a fair post-conviction relief action, depriving the constitutional and statutory right to representation of any substance. The risk of erroneous deprivation of a person's right to effective representation, then, is great.

The burden on the state, though, is also appreciable. Administratively, the state would be required to address second post-conviction relief petitions to determine if counsel for a first post-conviction relief peti-

---

**30.** 516 P.2d at 399.

**31.** *Id.*

**32.** *Hertz*, 755 P.2d at 410 (Bryner, C.J., concurring).

**33.** Alaska Const., art. I, § 7.

**34.** 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

**35.** *In re K.L.J.*, 813 P.2d 276, 279 (Alaska 1991).

**36.** *Id.* (quoting *Keyes v. Humana Hosp. Alaska, Inc.*, 750 P.2d 343, 353 (Alaska 1988)).

**37.** *See supra* Part IV.A.1.

**38.** AS 18.85.100(c) provides, in part:

> An indigent person is entitled to representation under (a) and (b) of this section for purposes of bringing a timely application for post-conviction relief under AS 12.72. An indigent person is not entitled to representation under (a) and (b) of this section for the purposes of bringing
> (1) an untimely or successive application for post-conviction relief under AS 12.72[.]

tion was inadequate. Rather than the court simply denying the petition outright as would otherwise be required under AS 12.72.020(a)(6),[39] the state would be required to litigate the petition. This increased administrative burden represents an increased fiscal burden as well. The possibility that prisoners will file frivolous claims if second applications raising ineffective counsel claims are allowed would increase the state's burden.

These competing interests are both weighty, and the balance is close, but this court's previous decisions and the decisions of the United States Supreme Court concerning effective representation provide guidance. Over thirty years ago, the Supreme Court stated, "It has long been recognized that the right to counsel is the right to the effective assistance of counsel."[40] Likewise, we have recognized the right to effective representation where representation is guaranteed,[41] and the court of appeals has stated that "courts must vigilantly protect this right to effective representation."[42] Like the court of appeals, we find persuasive the reasoning of the Supreme Court of Connecticut that "it would be absurd [for a defendant] to have the right to appointed counsel who is not required to be competent."[43] Given that a right to counsel would be meaningless if that counsel were not effective, we hold that the due process clause of the Alaska Constitution requires that a defendant be given a chance to challenge the effectiveness of counsel in a second petition for post-conviction relief.

We conclude, therefore, that the burden on the state is not enough to overcome a defendant's right to effective representation and the risk that that right would be violated if the defendant were unable to challenge an attorney's effectiveness. Furthermore, the four-part test imposed by the court of appeals upon a defendant raising an ineffective counsel claim will tend to screen out frivolous claims. We conclude that the right to fair proceedings requires effective counsel at those proceedings.

3. **The extent of the federal due process right to counsel does not affect the extent of the Alaska due process right to counsel.**

The state argues that the due process right to counsel under the federal Constitution is not as expansive as the court of appeals found it to be in this case. The state cites *Ross v. Moffitt,*[44] *Pennsylvania v. Finley,*[45] and *Coleman v. Thompson,*[46] arguing that these cases hold that there is no federal right to counsel in a post-conviction relief proceeding and that there can be no challenge to the effectiveness of representation in such proceedings.

The reach of the federal due process clause in post-conviction relief litigation is irrelevant to this case. We decide this case under the Alaska Constitution, not the federal Constitution.[47]

39. AS 12.72.020(a)(6) provides:
A claim may not be brought under AS 12.72.010 [post-conviction relief] or the Alaska Rules of Criminal Procedure if a previous application for post-conviction relief has already been filed under this chapter or under the Alaska Rules of Criminal Procedure.

40. *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

41. *Risher v. State,* 523 P.2d 421, 423 (Alaska 1974) ("The assistance must be 'effective' to be of any value.").

42. *Johnson v. State,* 24 P.3d 1267, 1267 (Alaska App.2001).

43. *Grinols v. State,* 10 P.3d 600, 619–20 (Alaska App.2000) (quoting *Iovieno v. Comm'r of Corrs.,* 242 Conn. 689, 699 A.2d 1003, 1010 (1997)) (alteration in original).

44. 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974).

45. 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987).

46. 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

47. Because there is no federal right to counsel in post-conviction relief proceedings, *Pennsylvania v. Finley,* 481 U.S. 551, 555–56, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), there is no federal challenge to the effectiveness of that counsel. *Coleman v. Thompson,* 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). But because the federal Constitution does not govern state due process analysis of the right to challenge the effectiveness of counsel appointed by the state in post-conviction relief litigation, it is irrelevant to our resolution of this case on state constitutional grounds.

**B. The Petition for Review of the Question Whether Due Process Requires the Appointment of Counsel To Assist in Prosecuting an Ineffective Assistance of Counsel Claim Was Improvidently Granted.**

The court of appeals decided that the question of appointing counsel to assist Grinols in presenting his second post-conviction relief claim—(that his counsel on his first post-conviction claim was ineffective)—should be left to the superior court to decide. Upon further consideration, we conclude that we improvidently granted review of this question.[48] Accordingly, we decline to consider it further here.

## V. CONCLUSION

 Because a defendant has a constitutional right to effective counsel in a first application for post-conviction relief, that defendant must be given the opportunity to challenge the effectiveness of counsel in a second petition for post-conviction relief. We therefore AFFIRM the decision of the court of appeals on that issue and decline to address the appointment of counsel for indigent defendants in such proceedings.

---

48. We note that both the state and the Public Defender Agency agree in their briefing to this court that the court of appeals's resolution of this issue was correct.