**Ex parte Lawrence Beryl GLASS, Applicant.**

**No. WR–61588–02.**

Court of Criminal Appeals of Texas.

Oct. 11, 2006.

---

1. *Ante*, at 853.

2. *Arizona v. Fulminante*, 499 U.S. 279, 296, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991) (opinion of White, J., for five justices)

David Richards, Fort Worth, for Appellant.

B.J. Shepherd, District Attorney, Meridian, for State.

JOHNSON, J., filed a concurring statement, joined by PRICE and HOLCOMB, JJ.

Applicant previously filed an application for writ of habeas corpus pursuant to Tex. Code Crim. Proc. Article 11.07. That application was dismissed because applicant's probation had never been revoked, and by its clear language Article 11.07 applies only to final felony convictions. Art. 11.07, § 3(a)("After final conviction in any felony case. . . ."). Persons who are on community supervision or who have been on a community supervision that was never revoked may challenge the underlying conviction pursuant to Tex.Code Crim. Proc. Art. 11.072, Procedure in Community Supervision Case ("This article establishes the procedures for an application for a writ of habeas corpus in a felony . . . case in which the applicant seeks relief from . . . a judgment of conviction ordering community supervision.").

I concur in the denial of relief for three reasons. The first reason arises from procedural errors in the trial court. Applicant responded to the previous order of dismissal, pursuant to Art. 11.07, by filing a second application, pursuant to Art. 11.072. However, in spite of applicant's specific pleading of Art. 11.072,[1] the trial court,[2] the prosecutor,[3] and the district clerk's office (complying with the trial court's order)[4] continued to treat applicant's pleading as if it were an action pursuant to Art. 11.07. Unfortunately, applicant now must bear the burden of the mistakes of the court, the state, and the clerk. It is to be hoped that, should applicant file another application under Art. 11.072, the court, the state, and the clerk will respond appropriately.

The second reason for dismissing this application is that applicant was sentenced, in 1947, to 2–5 years in prison, with the execution of the sentence suspended. If, in fact, the probation was never revoked, a writ filed in regard to that sentence pursuant to Art. 11.072, just like writs filed pursuant to Art. 11.07, must plead collateral consequences from the improper conviction in order to avoid dismissal on the grounds that the sentence has long since been discharged. The pending application alleges no such consequences, and it must also be dismissed for that reason.

The third reason for dismissing this application is the ground alleged: applicant committed the offense when he was a minor of 16, but the county waited until he was 17 and then indicted and convicted applicant as an adult. This is a complaint that should have been raised on appeal, as the facts on which the complaint is based were known to applicant at the time of

1. Applicant's pleadings are styled "Application for Art. 11.072 Writ of Habeas Corpus." Response should therefore have been made pursuant to Art. 11.072, §§ 4–7. Further, the writ is not returnable to this Court; an adverse ruling must be appealed under Rule of Appellate Procedure 31 and either Art. 44.01 (State) or Art. 44.02 (defendant). Art. 11.072, § 8.

2. "The clerk is directed to comply with art. 11.07(3)(c) of the Code of Criminal Procedure . . . ." Findings and Order, September 5th, 2006.

3. "This Court denied this Applicant's previous Application, which was identical to this one, on September 28th, 2005." State's answer, page 5.

4. "Pursuant to the provision of Art. 11.07, 2[c] . . . ." Clerk's Notice of Application of Habeas Corpus CCP 11.073[c].

trial and conviction. While a complaint about ineffective assistance would be cognizable, it is not raised, and at this late date, would be exceedingly difficult to litigate.