COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-111-CR

 

 

LAWRENCE B. GLASS                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                               STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

                                                    

                                              ------------      

I.  Introduction








Appellant Lawrence B. Glass
pleaded guilty to the offense of murder, and the trial court sentenced him to
fifteen years=
confinement.  The trial court certified
that Glass had the right to appeal, and this appeal followed.[2]  Because the State concedes that the trial
court erred by making a finding that the murder was a A3g offense,@ we will
modify the judgment to delete this finding. 
See Act of May 29, 1993, 73rd Leg., R.S., ch. 900, ' 4.01, sec. 3g, 1993 Tex. Gen. Laws 3716, 3718 (current version
at Tex. Code Crim. Proc. Ann.
art. 42.12, ' 3g (Vernon
Supp. 2007)) (adding murder as a 3g offense). 
For the reasons set forth below, we will affirm the judgment as
modified.

II.  Alleged
Ineffective Assistance in Prior Habeas 

In a single point, Glass
argues that his habeas counsel [a different lawyer than the one representing
him in the murder case] was ineffective by failing to pursue a subsequent
11.072 writ of habeas corpus concerning a prior 1947 conviction for burglary of
a house because that conviction prevented Glass from being probation-eligible
for the murder at issue here.  Glass
raised this issue in the trial court by arguing in a pretrial motion that he
should be permitted to file an affidavit for probation concerning the murder
charge and to have the jury consider probation because his 1947 conviction was
unconstitutional in that he committed the offense when he was sixteen years old
and because the State waited until he was seventeen to indict him. 













The trial court allowed Glass
to put on evidence in support of this pretrial motion.  Glass introduced the testimony of his habeas
counsel into evidence, as well as documentary evidence establishing the
following.  In February 2005, Glass filed
an AApplication For A Writ Of Habeas Corpus Seeking Relief From Final
Felony Conviction Under Code Of Criminal Procedure, Article 11.07,@ which argued that he had been improperly charged as an adult for the
1947 burglary offense because he was only sixteen when the offense was
committed and because the State waited until he was seventeen to indict him.[3]  The district court recommended to the court
of criminal appeals that no habeas relief be granted, and the court of criminal
appeals subsequently dismissed Glass=s 11.07 habeas application on the ground that Glass=s community supervision had never been revoked.[4]  Consequently, Glass then filed an article
11.072 writ application. The court of criminal appeals also dismissed Glass=s 11.072 writ application, but in a concurring statement, Justice
Johnson explained that dismissal was required because (1) the trial court, the
prosecutor, and the district clerk=s office had all mistakenly treated Glass=s 11.072 writ as an 11.07 writ; (2) Glass had failed to plead
collateral consequences from the allegedly improper conviction to avoid
dismissal on the grounds that the sentence he was purportedly still on
probation for had long since expired; and (3) Glass=s complaint that he had been sixteen when he committed the burglary
and that the county waited until he was seventeen to indict him should have
been raised on direct appeal from the burglary conviction.  Ex parte Glass, 203 S.W.3d 856, 857
(Tex. Crim. App. 2006) (dismissing habeas corpus application) (Johnson, J.,
concurring).  Justice Johnson wrote, AIt is to be hoped that, should applicant file another application
under Art. 11.072, the court, the state, and the clerk will respond
appropriately.@  Id.

Glass=s habeas counsel testified at the pretrial hearing that in light of
Justice Johnson=s statement,
it was his intent to file another article 11.072 writ of habeas corpus but that
he had not done so at the time of the pretrial hearing. 













Based on these facts, Glass
now argues in his sole point in this appeal from his murder conviction that his
1947 burglary conviction was Aunconstitutional@Ctherefore he should have been probation-eligible in the murder caseCand that his habeas counsel=s failure to file a second article 11.072 writ concerning the burglary
case offense to make him probation eligible in the murder case constituted
ineffective assistance of counsel.  Glass
bases his unconstitutionality argument solely on the United States
Constitution.     The law is well
established, however, that no right exists under the United States Constitution
to assistance of counsel in a habeas proceeding.  See Coleman v. Thompson, 501 U.S. 722,
754, 111 S. Ct. 2546, 2567 (1991) (AThere is no constitutional right to an attorney in state post-conviction
proceedings[;] . . . [c]onsequently, a petitioner cannot claim constitutionally
ineffective assistance of counsel in such proceedings.@); Ex parte Graves, 70 S.W.3d 103, 113 (Tex. Crim. App. 2002)
(same); Martinez v. Johnson, 255 F.3d 229, 240B41 (5th Cir. 2001) (same), cert. denied, 534 U.S. 1163 (2002).[5]  The courts have explained that when a
procedural default results from attorney error with respect to a proceeding in
which there is a constitutional right to counsel, then the State bears the
ultimate responsibility for the error (a new trial is required).  See, e.g., Coleman, 501 U.S. at 754,
111 S. Ct. at 2567.  But when a
procedural default results from attorney error with respect to a proceeding in
which there is no constitutional right to counsel, then the State bears no
responsibility to ensure that the defendant is represented by competent
counsel, and it is the defendant who must bear the burden of any procedural
default error.  Id., 111 S. Ct. at
2567.  Because there is no right under
the United States Constitution to assistance of counsel in a habeas proceeding,
there is likewise no parallel right to effective assistance of counsel.  Ex parte Graves, 70 S.W.3d at
113.  Consequently, Glass=s attempt to collaterally attack his 1947 burglary conviction on
ineffectiveness-of-habeas-counsel grounds through the appeal of the present
murder conviction fails.[6]  See, e.g., Coleman, 501 U.S. at 754,
111 S. Ct. at 2567.  We therefore
overrule Glass=s sole
point.

III.  Section 3g Finding

The trial court made a
finding in the judgment that Glass had been Aconvicted of [an] enumerated offense under article 42.12 section 3g
C.C.P.@  The State concedes that at the
time Glass committed the murder, in August 1979, murder was not a 3g
offense.  See Act of May 29, 1993,
73rd Leg., R.S., ch. 900, ' 4.01, sec. 3g, 1993 Tex. Gen. Laws 3716, 3718 (adding murder as
a 3g offense).  Accordingly, we modify
the trial court=s judgment
to delete the 3g finding.  See Tex. R. App. P. 43.2(b).

IV.  Conclusion

Having modified the trial court=s judgment to delete the 3g
finding and having overruled Glass=s sole point, we affirm the
trial court=s
judgment as modified.  See id.

 

 

SUE WALKER

JUSTICE

 

PANEL F:    LIVINGSTON, DAUPHINOT, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)








DELIVERED:
May 8, 2008











[1]See Tex. R. App. P. 47.4.





[2]Concurrently
with his appellate brief, Glass filed a AMotion To Abate Appeal,@
requesting that the appeal be abated for an evidentiary hearing to allow him to
develop Atestimony
that goes to the heart of the attorney/client relationship and the status of
the appellant as an informed client at the time of trial.@  This court denied Glass=s
abatement motion by order on December 17, 2007; therefore, we need not further
address his abatement arguments. 





[3]Glass
was born on November 12, 1930. 





[4]Fifty-eight
years had elapsed between Glass=s burglary conviction and the
time that he filed his 11.07 application for a writ of habeas corpus; Glass
initiated the habeas proceeding after he was indicted for murder.





[5]We
recognize that a statutory right to assistance of counsel, who must be
effective, exists in Texas for defendants sentenced to death.  See Tex.
Code Crim. Proc. Ann. art. 11.071, ' 2 (Vernon Supp. 2007).





[6]Glass
does not argue that any right to counsel in habeas proceedings exists under any
provision of the Texas constitution.  Cf.
Grinols v. State, 74 P.3d 889, 895 n.47 (Alaska 2003) (recognizing due
process right to effective assistance of counsel in habeas proceeding under
state constitution).