

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

---

## NO. 2-07-111-CR

---

LAWRENCE B. GLASS                                                          APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Lawrence B. Glass pleaded guilty to the offense of murder, and

the trial court sentenced him to fifteen years' confinement. The trial court

certified that Glass had the right to appeal, and this appeal followed.[2] Because

---

[1] *See* TEX. R. APP. P. 47.4.

[2] Concurrently with his appellate brief, Glass filed a "Motion To Abate Appeal," requesting that the appeal be abated for an evidentiary hearing to allow him to develop "testimony that goes to the heart of the attorney/client relationship and the status of the appellant as an informed client at the time of

the State concedes that the trial court erred by making a finding that the murder was a "3g offense," we will modify the judgment to delete this finding. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, sec. 3g, 1993 Tex. Gen. Laws 3716, 3718 (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g (Vernon Supp. 2007)) (adding murder as a 3g offense). For the reasons set forth below, we will affirm the judgment as modified.

## II. ALLEGED INEFFECTIVE ASSISTANCE IN PRIOR HABEAS

In a single point, Glass argues that his habeas counsel [a different lawyer than the one representing him in the murder case] was ineffective by failing to pursue a subsequent 11.072 writ of habeas corpus concerning a prior 1947 conviction for burglary of a house because that conviction prevented Glass from being probation-eligible for the murder at issue here. Glass raised this issue in the trial court by arguing in a pretrial motion that he should be permitted to file an affidavit for probation concerning the murder charge and to have the jury consider probation because his 1947 conviction was unconstitutional in that he committed the offense when he was sixteen years old and because the State waited until he was seventeen to indict him.

The trial court allowed Glass to put on evidence in support of this pretrial motion. Glass introduced the testimony of his habeas counsel into evidence,

trial." This court denied Glass's abatement motion by order on December 17, 2007; therefore, we need not further address his abatement arguments.

2

as well as documentary evidence establishing the following. In February 2005, Glass filed an "Application For A Writ Of Habeas Corpus Seeking Relief From Final Felony Conviction Under Code Of Criminal Procedure, Article 11.07," which argued that he had been improperly charged as an adult for the 1947 burglary offense because he was only sixteen when the offense was committed and because the State waited until he was seventeen to indict him.[3] The district court recommended to the court of criminal appeals that no habeas relief be granted, and the court of criminal appeals subsequently dismissed Glass's 11.07 habeas application on the ground that Glass's community supervision had never been revoked.[4] Consequently, Glass then filed an article 11.072 writ application. The court of criminal appeals also dismissed Glass's 11.072 writ application, but in a concurring statement, Justice Johnson explained that dismissal was required because (1) the trial court, the prosecutor, and the district clerk's office had all mistakenly treated Glass's 11.072 writ as an 11.07 writ; (2) Glass had failed to plead collateral consequences from the allegedly improper conviction to avoid dismissal on the grounds that the sentence he was purportedly still on probation for had long

---

[3] Glass was born on November 12, 1930.

[4] Fifty-eight years had elapsed between Glass's burglary conviction and the time that he filed his 11.07 application for a writ of habeas corpus; Glass initiated the habeas proceeding after he was indicted for murder.

3

since expired; and (3) Glass's complaint that he had been sixteen when he committed the burglary and that the county waited until he was seventeen to indict him should have been raised on direct appeal from the burglary conviction. *Ex parte Glass*, 203 S.W.3d 856, 857 (Tex. Crim. App. 2006) (dismissing habeas corpus application) (Johnson, J., concurring). Justice Johnson wrote, "It is to be hoped that, should applicant file another application under Art. 11.072, the court, the state, and the clerk will respond appropriately." *Id*.

Glass's habeas counsel testified at the pretrial hearing that in light of Justice Johnson's statement, it was his intent to file another article 11.072 writ of habeas corpus but that he had not done so at the time of the pretrial hearing.

Based on these facts, Glass now argues in his sole point in this appeal from his murder conviction that his 1947 burglary conviction was "unconstitutional"—therefore he should have been probation-eligible in the murder case—and that his habeas counsel's failure to file a second article 11.072 writ concerning the burglary case offense to make him probation eligible in the murder case constituted ineffective assistance of counsel. Glass bases his unconstitutionality argument solely on the United States Constitution.

The law is well established, however, that no right exists under the

4

United States Constitution to assistance of counsel in a habeas proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 754, 111 S. Ct. 2546, 2567 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings[;] . . . [c]onsequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."); *Ex parte Graves*, 70 S.W.3d 103, 113 (Tex. Crim. App. 2002) (same); *Martinez v. Johnson*, 255 F.3d 229, 240–41 (5th Cir. 2001) (same), *cert. denied*, 534 U.S. 1163 (2002).[5] The courts have explained that when a procedural default results from attorney error with respect to a proceeding in which there is a constitutional right to counsel, then the State bears the ultimate responsibility for the error (a new trial is required). *See, e.g., Coleman,* 501 U.S. at 754, 111 S. Ct. at 2567. But when a procedural default results from attorney error with respect to a proceeding in which there is no constitutional right to counsel, then the State bears no responsibility to ensure that the defendant is represented by competent counsel, and it is the defendant who must bear the burden of any procedural default error. *Id.*, 111 S. Ct. at 2567. Because there is no right under the United States Constitution to assistance of counsel in a habeas proceeding, there is likewise no parallel right to effective assistance of counsel. *Ex parte Graves*, 70 S.W.3d at 113. Consequently, Glass's attempt to collaterally attack his 1947 burglary conviction on ineffectiveness-of-habeas-

---

[5] We recognize that a statutory right to assistance of counsel, who must be effective, exists in Texas for defendants sentenced to death. *See* TEX. CODE CRIM. PROC. ANN. art. 11.071, § 2 (Vernon Supp. 2007).

counsel grounds through the appeal of the present murder conviction fails.[6] *See, e.g., Coleman,* 501 U.S. at 754, 111 S. Ct. at 2567. We therefore overrule Glass's sole point.

## III. SECTION 3G FINDING

The trial court made a finding in the judgment that Glass had been "convicted of [an] enumerated offense under article 42.12 section 3g C.C.P." The State concedes that at the time Glass committed the murder, in August 1979, murder was not a 3g offense. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, sec. 3g, 1993 Tex. Gen. Laws 3716, 3718 (adding murder as a 3g offense). Accordingly, we modify the trial court's judgment to delete the 3g finding. *See* TEX. R. APP. P. 43.2(b).

## IV. CONCLUSION

Having modified the trial court's judgment to delete the 3g finding and having overruled Glass's sole point, we affirm the trial court's judgment as modified. *See id*.

SUE WALKER
JUSTICE

PANEL F:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

---

[6] Glass does not argue that any right to counsel in habeas proceedings exists under any provision of the Texas constitution. *Cf. Grinols v. State*, 74 P.3d 889, 895 n.47 (Alaska 2003) (recognizing due process right to effective assistance of counsel in habeas proceeding under state constitution).

DELIVERED: May 8, 2008