

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00555-CR

Robert **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 5, Bexar County, Texas
Trial Court No. 307125
Honorable Jason Pulliam, Judge Presiding

Opinion by:  Rebeca C. Martinez, Justice

Sitting:  Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  December 9, 2015

AFFIRMED

Robert Martinez appeals the denial of his post-conviction application for a writ of habeas corpus under article 11.072. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015). We affirm the trial court's order.

### BACKGROUND

On December 19, 2013, Martinez filed a pro se application for a writ of habeas corpus under article 11.072 of the Texas Code of Criminal Procedure alleging that he was illegally confined under a pending felony DWI-3rd charge in district court as a collateral consequence of

the prior misdemeanor DWI convictions in Cause Nos. 307125 and 319377 in 1983 and 1986, respectively. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2015). Martinez asserted that the misdemeanor DWI convictions should be reversed on the basis of ineffective assistance of counsel as well as other grounds. After a hearing, the trial court denied relief and Martinez appealed.

## ANALYSIS

We review a trial court's ruling on an application for habeas corpus relief for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In applying that standard, we afford great deference to the trial court's factual findings that are supported by the record and to the court's ruling on mixed questions of law and fact that turn on credibility. *Ex parte Weinstein*, 421 S.W.3d 656, 664 (Tex. Crim. App. 2014). We review de novo mixed questions of law and fact that do not depend on credibility and demeanor. *Id.*

The trial court's written order denying Martinez's application for a writ of habeas corpus states that relief is denied "because [Martinez] was not on community supervision, at the time the application was filed as set forth in Article 11.072(2)(b)." The court subsequently issued written findings of fact and conclusions of law in support of its order. Specifically, the court found the following facts:

1. Applicant Robert Martinez was found guilty of the offense of Driving While Intoxicated in cause number 307125 on May 18, 1983.

    a. On May 18, 1983, applicant was sentenced to a fine of $350, three days in Bexar County jail, and two years of probation.

    b. A motion to Revoke Probation was issued on April 25, 1984, alleging violations of conditions number 1, 5, 14, and 15.

    c. A motion to Revoke Probation [hearing] was held on January 9, 1986. The violation numbers 1, 5, 14, and 15 were held to be "true."

d. On January 9, 1986 applicant's sentence was reformed to a $165 fine and 10 days in the Bexar County Jail, to run concurrently with cause number 319377.

2. Applicant Robert Martinez was found guilty of the offense of Driving While Intoxicated on January 9, 1986 in cause number 319377.

a. On January 9, 1986, applicant was sentenced in cause number 319377 to 10 days in the Bexar County Jail and a $100 fine.

b. Applicant was never granted probation in cause number 319377.

The trial court concluded that, based on the above findings of fact, Martinez was not entitled to habeas corpus relief "[b]ecause Applicant's probation was revoked in cause number 307125 and he was given jail time without probation in cause number 317377" and only "persons who are on community supervision *that was never revoked* may challenge the underlying conviction" under article 11.072.

The record and applicable law supports the trial court's findings and order denying habeas corpus relief. Martinez's habeas application was specifically filed pursuant to article 11.072, which provides "the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1. The statute requires the application for habeas corpus relief to be filed with the clerk of the court in which community supervision was imposed. *Id.* § 2(a). The limited record before us shows that, on May 18, 1983, in Cause No. 307125, Martinez was found guilty of misdemeanor DWI in County Court No. 5, and that his sentence was suspended and he was placed on two years of community supervision. As noted, Martinez filed his habeas corpus application in County Court No. 5. Section 2(b) of article 11.072 further requires that, at the time the habeas application is filed, the applicant "must be, or have been, on community supervision," and the application must challenge the legal validity of: (1) the conviction for which or order in which community supervision was

imposed; or (2) the conditions of community supervision." *Id.* art. 11.072, § 2(b). The Court of Criminal Appeals has noted that article 11.072 provides the procedure by which "[p]ersons who are on community supervision or who have been on a community supervision *that was never revoked* may challenge the underlying conviction." *Ex parte Glass*, 203 S.W.3d 856, 857 (Tex. Crim. App. 2006) (emphasis added); *see also State v. Guerrero*, 400 S.W.3d 576, 582 (Tex. Crim. App. 2013) ("Article 11.072 is 'the exclusive means by which the district courts may exercise their original habeas jurisdiction under Article V, Section 8, of the Texas Constitution in cases involving an individual who is either serving a term of community supervision or who has completed a term of community supervision.'"). The record here shows that Martinez's probation in Cause No. 307125 was not completed, but was instead revoked on January 9, 1986 when he was sentenced to serve ten days in jail; that ten-day sentence was to be served concurrently with the ten-day sentence imposed in a second misdemeanor DWI case, Cause No. 319377. Thus, Martinez did not serve a completed term of probation in either misdemeanor case, and the procedures of article 11.072 do not apply. Therefore, the trial court did not abuse its discretion in denying Martinez's application requesting a writ of habeas corpus under article 11.072.

Martinez argues on appeal that the trial court should have "looked past the label" and construed his habeas corpus application as being filed under article 11.09. *See* TEX. CODE CRIM. PROC. ANN. art. 11.09 (West 2015) (providing a person confined on a misdemeanor charge may apply for a writ of habeas corpus). However, Martinez made no such argument to the trial court, either at the hearing when the court questioned the applicability of article 11.072, or subsequently by motion or other pleading. *See* TEX. R. APP. P. 33.1(a). Moreover, the substance of Martinez's habeas corpus application belies the argument that it was merely "mislabeled" under article 11.072. In the application, Martinez repeatedly states that he is seeking relief "from an order or a judgment of conviction ordering community supervision" and that he is "attacking the legal validity of the

conviction for which community supervision was imposed." *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, §§ 1, 2(b)(1).

Based on the foregoing reasons, we affirm the trial court's order denying Martinez's application for a writ of habeas corpus.

Rebeca C. Martinez, Justice

DO NOT PUBLISH