

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00171-CR
No. 07-19-00172-CR

**EX PARTE RICHARD AHMED ZAMBRANA**

On Appeal from the County Court at Law Number 2
Potter County, Texas
Trial Court No. 131,171-2 & 132,487-2, Honorable Matthew Hand, Presiding

September 20, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant Richard Ahmed Zambrana appeals the trial court's order denying his application for writ of habeas corpus. Through one issue, appellant contends the trial court erred by entering an order denying relief without written findings of fact and conclusions of law as required under article 11.072 of the Code of Criminal Procedure.[1] We will affirm the trial court's order.

---

[1] TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015).

## Background

Appellant was convicted of assault against his wife in early 2012, in trial court cause 131,1721-2. The trial court sentenced appellant to serve forty-five days in the Potter County Jail and assessed fines and fees. This court affirmed his conviction in 2014. *See Zambrana v. State,* No. 07-12-00124-CR, 2014 Tex. App. LEXIS 2058 (Tex. App.—Amarillo Feb. 24, 2014, pet. ref'd) (mem. op., not designated for publication). In a separate proceeding, cause 132,487-2, also in early 2012, appellant was found guilty of assault against a family member. The trial court sentenced appellant to serve 180 days in the Potter County Jail and assessed fines and fees. The court probated appellant's sentence and placed him on community supervision for a period of eighteen months. Appellant's community supervision was revoked in 2014.

Seven years later, appellant filed an application for writ of habeas corpus in the trial court with regard to both cases. Appellant filed the writ under article 11.09 of the Code of Criminal Procedure.[2] After the State filed its response, the trial court denied appellant's application. Appellant appeals that ruling.

## Analysis

In appellant's only issue on appeal, he argues the "trial court erred by entering an order simply denying relief on an application for writ of habeas corpus without findings of fact and conclusions of law as required under article 11.072 of the Code of Criminal Procedure…".

---

[2] TEX. CODE CRIM. PROC. ANN. art. 11.09 (West 2015).

Article 11.072 of the Code of Criminal Procedure applies to applications for writ of habeas corpus filed by persons on community supervision. TEX. CODE CRIM. PROC. ANN. art. 11.072; *Ex parte Oliver,* No. 05-09-00611-CR, 2009 Tex. App. LEXIS 7774, at *6 (Tex. App.—Dallas Sept. 21, 2009, pet. ref'd) (mem. op., not designated for publication). That provision provides that "[i]f the court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous. In any other case, the court shall enter a written order including findings of fact and conclusions of law. The court may require the prevailing party to submit a proposed order." TEX. CODE CRIM. PROC. ANN. art 11.072, § 7(a). However, appellant was not placed on community supervision in Cause No. 131,1721-2. He was sentenced to serve forty-five days in the Potter County Jail. Article 11.072 is inapplicable to that cause.

Article 11.072 is inapplicable also to Cause No. 132,487-2. In that case, appellant was found guilty of assault involving domestic violence and sentenced to 180 days of confinement along with a fine and fees. As noted, the trial court probated appellant's sentence and placed him on community supervision for a period of eighteen months. Appellant's community supervision was revoked in September 2014. Appellant did not file a writ of habeas corpus until February 2019. Article 11.072 is applicable only when the application for writ of habeas corpus is filed while the defendant is on community supervision or has successfully completed community supervision. TEX. CODE CRIM. PROC. ANN. art. 11.072, § 2(b). It does not apply after revocation of community supervision. *Ex parte Glass,* 203 S.W.3d 856, 857 (Tex. Crim. App. 2006) (Johnson, J., concurring); *see also State v. Guerrero,* 400 S.W.3d 576, 582 (Tex. Crim. App. 2013); *Ex*

3

*parte McCain,* No. 02-16-00477-CR, 2017 Tex. App. LEXIS 942, at *4 (Tex. App.—Fort Worth Feb. 2, 2017, no pet.) (mem. op., not designated for publication) (stating same); *Ex parte Vasquez,* No. 08-10-00152-CR, 2012 Tex. App. LEXIS 552, at *8 (Tex. App.— El Paso Jan. 25, 2012, pet. ref'd) (mem. op., not designated for publication) (stating "None of the cases cited by Appellant permits a writ under Article 11.072 after revocation and adjudication of guilt.").

In his application for writ of habeas corpus, appellant relied on article 11.09, which provides "[i]f a person is confined on a charge of misdemeanor, he may apply to the county judge of the county in which the misdemeanor is charged to have been committed, or if there be no county judge in said county, then to the county judge whose residence is nearest to the courthouse of the county in which the applicant is held in custody." TEX. CODE CRIM. PROC. ANN. art. 11.09. Appellant, invoking only article 11.09, argued he was subject to collateral consequences of his conviction, namely that he was unable to secure employment as a firefighter due to his assault conviction.

As the State notes, article 11.09, not 11.072, is the statute applicable to the circumstances in both causes before us. Unlike the express language of article 11.072, section 7(a), article 11.09 does not require that the judge make written findings of fact and conclusions of law when ruling on an application for writ of habeas corpus brought under that article. TEX. CODE CRIM. PROC. ANN. art. 11.09; *Ex parte Oliver,* 2009 Tex. App. LEXIS 7774, at *7 (citation omitted). Therefore, the trial court did not err in ruling on appellant's application for writ of habeas corpus without findings of fact and conclusions of law.

We resolve appellant's issue against him.

Conclusion

Having overruled appellant's sole appellate issue, we affirm the order of the trial court.


James T. Campbell
Justice


Do not publish.