**DISMISSED and Opinion Filed January 27, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01366-CR

### EX PARTE BABAK TAHERZADEH

**On Appeal from the Criminal District Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. W16-12037-J(A)**

## MEMORANDUM OPINION

Before Chief Justice Burns and Justices Myers and Pedersen, III
Opinion by Chief Justice Burns

Babak Taherzadeh appeals the trial court's order dismissing his post-conviction application for writ of habeas corpus and forwarding it to the court of criminal appeals. We dismiss the appeal for want of jurisdiction.

A person currently serving a term of community supervision may only pursue habeas relief pursuant to code of criminal procedure article 11.072. *See* TEX. CODE CRIM. PROC. art. 11.072, § 1; *Ex parte Hiracheta*, 307 S.W.3d 323, 325 (Tex. Crim. App. 2010) (per curiam). In its dismissal order, the trial court notes that although appellant is on community supervision and alleges his claims under article 11.072, he used the form prescribed by the court of criminal appeals for filing a writ application pursuant to article 11.07 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. art. 11.07; *see also* TEX. R. APP. P. 73.1. The order further states that the district clerk gave the writ application "a post-conviction article 11.07 writ number based on [appellant's] use of the form" and would not change the number. The order further provides that because the trial

court judge was assigned, after recusal of the prior judge, to hear the specific cause number designated, he could not consider the writ application as an 11.072 writ under the current cause number.

Consequently, the trial court's order concludes the writ application must be dismissed because appellant is not entitled to file an 11.07 writ. The trial court finds "there are no controverted, previously unresolved facts material to the legality of [appellant's] confinement which require an evidentiary hearing" and it orders the trial court clerk to forward to the court of criminal appeals its order, the application, any answers filed, and all papers filed in the case.[1] *See* art. 11.07, § 3(c) (describing procedure for processing article 11.07 writ application when trial court finds there are no controverted fact issues).

This Court may review trial court determinations on article 11.072 writ applications, but we have no jurisdiction over article 11.07 writs. *See* arts. 11.07, §§ 3, 5; 11.072, § 8. Because the trial court treated appellant's writ application as filed under article 11.07 and utilized the procedures for processing article 11.07 habeas writs, we have no jurisdiction to consider appellant's appeal. *See Ex parte Glass*, 203 S.W.3d 856, 857 (Tex. Crim. App. 2006) (Johnson, J., concurring in dismissal of habeas corpus) (court of criminal appeals bound by decision to treat applicant's 11.072 writ application as an 11.07 application even though applicant was not eligible for 11.07 relief); *see also Ex parte Rios*, No. 05-19-00051-CR, 2019 WL 2296234, at *1–2 (Tex. App.—Dallas May 30, 2019, no pet.) (mem. op, not designated for publication)[2] (appellate court lacked jurisdiction when trial court characterized applicant's 11.072 writ application prepared on altered 11.07 application form as an article 11.07 writ application); *Ex parte Holland*, No. 05-17-01422-CR, 2018 WL 3949545, at *3–4 (Tex. App.—Dallas Aug. 17, 2018, pet. ref'd) (mem. op,

---

[1] Appellant's writ is pending in the court of criminal appeals under cause no. WR-90,105-02.

[2] Unpublished opinions have no precedential value but may be cited. TEX. R. APP. P. 47.7.

not designated for publication) (concluding appellate court had jurisdiction after trial court and State treated writ application as filed under 11.072 despite use of 11.07 writ application form); *Ex parte Wicker*, No. 02-18-00318-CR, 2018 WL 4140642, at *1 (Tex. App.—Fort Worth Aug. 30, 2018, no pet.) (mem. op., not designated for publication) (dismissing appeal of trial court's order recommending denial of article 11.07 writ application); *Ex parte Martinez*, No. 13-10-00085-CR, 2012 WL 1142882, at *1 n.1 (Tex. App.—Corpus Christi–Edinburg Apr. 5, 2012, no pet.) (mem. op. on reh'g, not designated for publication) (jurisdiction conferred on appellate court when parties and trial court agreed to treat writ application mistakenly filed under article 11.07 as writ application filed under article 11.072); *Ex parte Salazar*, No. 12-10-00443-CR, 2011 WL 6043028, at*1-3 (Tex. App.—Tyler Nov. 30, 2011, pet. ref'd) (memo. op, not designated for publication) (dismissing appeal where trial court treated inmate's writ application filed under article 11.072 as being filed properly under article 11.07).

We dismiss the appeal for want of jurisdiction.


/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
191366F.U05

–3–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

EX PARTE BABAK TAHERZADEH

No. 05-19-01366-CR

On Appeal from the Criminal District Court
No. 3, Dallas County, Texas
Trial Court Cause No. W16-12037-J(A).
Opinion delivered by Chief Justice Burns.
Justices Myers and Pedersen, III
participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered January 27, 2020.