

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00385-CR

**EX PARTE** Bradford C. **BINDOCK**

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CR-7996-W2
Honorable Velia J. Meza, Judge Presiding

Opinion by:    Liza A. Rodriguez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: December 23, 2020

AFFIRMED

Bradford Bindock appeals the trial court's order denying his post-conviction application for a writ of habeas corpus. We affirm the trial court's order.

### BACKGROUND

On May 22, 2012, Bindock was convicted by a jury of evading arrest/detention with a vehicle and sentenced to one year in state jail. The trial court suspended his sentence and placed Bindock on two years' community supervision. Bindock filed a motion for new trial and the trial court signed an order granting a new trial on June 19, 2012. The State requested that the trial court rescind the order as entered in error. The trial court held two hearings on the matter on October 30, 2012 and March 21, 2013. The State filed two motions asking the trial court to enter a nunc pro tunc order correcting the clerical error. On April 11, 2013, the trial court signed a nunc pro

tunc order rescinding the order granting Bindock's motion for new trial. The nunc pro tunc order is the subject of Bindock's application for habeas corpus relief.

## DISCUSSION

This is the second appeal in this case in which Bindock complains of the trial court's use of a nunc pro tunc order to rescind its grant of a new trial. In 2017, Bindock was granted an out-of-time appeal. On direct appeal, we addressed the merits of Bindock's appellate issues challenging the trial court's authority/jurisdiction to enter the nunc pro tunc order and the credibility of the trial judge as to whether the order corrected a judicial or clerical error, and asserting a due process violation. *Bindock v. State*, No. 04-17-00643-CR, 2018 WL 3039918, at *1-2 (Tex. App.—San Antonio June 20, 2018, pet. ref'd) (not designated for publication). We held that, "regardless of the reason for the trial court's decision to enter the nunc pro tunc order in the instant case or the credibility of the stated reason,[1] the trial court had the authority to enter the nunc pro tunc order rescinding its order granting the new trial." *Id.* at *1 (citing *Kirk v. State*, 454 S.W.3d 511, 515 (Tex. Crim. App. 2015), in which the court held that when a new trial is granted, there is no specific time limit on the trial court's power to reconsider and rescind the order granting the new trial). We also held that Bindock's due process rights were not violated by the trial court's failure to reset the hearing on the matter before entering the nunc pro tunc order. *Id.* at *2. We therefore affirmed the trial court's order rescinding the grant of a new trial. *Id.* (not reaching Bindock's double jeopardy issue because it was conditional on a reversal).

On February 26, 2020, Bindock filed a post-conviction application for writ of habeas corpus repeating the same issues raised and addressed in his direct appeal and seeking to set aside his conviction. After the State filed a response, the trial court entered written findings of fact and

---

[1] At the second hearing held on the matter, the trial judge stated on the record that he believed he was signing an order setting a hearing on the motion for new trial, not an order granting a new trial. *Id.* at *1.

conclusions of law ruling on the habeas application. As an initial matter, the trial court found that Bindock's application was filed under article 11.07, but he was only entitled to pursue habeas corpus relief under article 11.072 because he was placed on community supervision and successfully completed it on July 28, 2014. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 § 1 ("This article establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision."); *see also id.* § 2(b) (providing that, at the time the application is filed, the applicant "must be, or have been, on community supervision," and the application must challenge the legal validity of either the conviction or the conditions of community supervision). The State's response treated Bindock's writ application as filed under article 11.072, and, in the interest of judicial efficiency, the trial court construed the application as if it were correctly filed under article 11.072. In addressing the application under article 11.072, the trial court found that Bindock was required to "plead collateral consequences from the improper conviction in order to avoid dismissal on the grounds that the sentence has discharged" and failed to allege such collateral consequences. *See Ex parte Glass*, 203 S.W.3d 856, 857 (Tex. Crim. App. 2006). The trial court therefore "dismissed" Bindock's application. Bindock appealed.

The State argues we lack jurisdiction over this appeal because the trial court did not "deny" Bindock's application on its merits. Section 8 of article 11.072 authorizes an applicant to appeal under article 44.02 and Texas Rule of Appellate Procedure 31 "if the application is denied in whole or part." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8 (also authorizing the state to appeal if the application is "granted in whole or part"). The Court of Criminal Appeals has held that section 8 of article 11.072 exclusively governs a party's right to appeal an order issued under that article. *Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008). In *Villanueva*, two years after he completed his probation, Villanueva sought habeas corpus relief under article 11.072 on the

basis that his plea was involuntary. *Id.* at 392. The trial court summarily denied the application as frivolous because Villanueva failed to show that his liberty was restrained as a result of his conviction. *Id.* at 393. The court of appeals dismissed Villanueva's appeal for lack of jurisdiction because the trial court did not rule on the merits of his habeas claims. *Id.* The Court of Criminal Appeals reversed, holding that the legislature's enactment of article 11.072 in 2003 superseded the common law rule that an applicant had no right to appeal when a trial court refused to issue a writ or denied a hearing on the merits of the applicant's claims. *Id.* at 395-97. Specifically, the court explained that the enactment of article 11.072's section 4 providing for automatic issuance of the writ and section 8 governing the right to appeal "signify that the [prior] rule governing appellate review . . . no longer applies to applications for a writ of habeas corpus filed by a person who is serving or who has served a community supervision term." *Id.* at 397. "Therefore, the appealability of an application for writ of habeas corpus filed under Article 11.072 following a disposition by the district court is controlled by Section 8 of Article 11.072." *Id.* As noted, section 8 grants the right to appeal from the grant or denial of a habeas application. Because section 6 of article 11.072 requires the trial court to enter a written order either "granting or denying" the relief sought in the application within sixty days of the State's response, we construe the trial court's order dismissing the application as a denial of the application. TEX. CODE CRIM. PROC. ANN. art. 11.072, § 6. We therefore hold that the trial court's disposition of Bindock's application is appealable pursuant to section 8. *Id.* art. 11.072, § 8; *Ex parte Villanueva*, 252 S.W.3d at 397.

We review a trial court's disposition of a habeas corpus application for abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). The writ of habeas corpus is an extraordinary remedy that is available only when there is no other adequate remedy at law. *Ex parte Drake*, 883 S.W.2d 213, 215 (Tex. Crim. App. 1994). A writ of habeas corpus cannot be used to litigate matters that were, or could have been, raised on direct appeal. *Ex parte Townsend*,

137 S.W.3d 79, 81-82 (Tex. Crim. App. 2004); *Ex parte Nelson*, 137 S.W.3d 666, 667 (Tex. Crim. App. 2004) (habeas corpus cannot be used as a substitute for appeal). As discussed above, Bindock's habeas application reiterates the same claims he raised, and we rejected, in his direct appeal: (1) "[t]he trial court lacked jurisdiction to rescind the granting of Applicant's motion for new trial [b]y a *nunc pro tunc* because such error was a judicial discretionary act and not a clerical error … resulting in a violation of Applicant's due process;" (2) "if the trial court had authority to enter a nunc pro tunc order to rescind the Order granting the new trial, … [t]he trial court lacked jurisdiction due to time limitations;" (3) "[t]he trial judge … was untruthful when he stated that he did not know what he was signing when he granted the motion for new trial;" (4) applicant was denied an impartial judge and due process by the entry of the nunc pro tunc order; and (5) the nunc pro tunc order is void and the grant of a new trial must be reinstated, but a retrial is barred by double jeopardy because applicant has completed his probation. Bindock was already afforded an appellate review of his claims challenging the trial court's entry of the nunc pro tunc order. We hold the trial court did not abuse its discretion in denying Bindock's article 11.072 request for habeas corpus relief on the same claims raised in his direct appeal.

## CONCLUSION

Based on the foregoing reasons, we affirm the trial court's order denying Bindock's application for habeas corpus relief under article 11.072.

Liza A. Rodriguez, Justice

DO NOT PUBLISH