Opinion
THE COURT.*
This appeal is based on appellant’s contention that his right to counsel was violated by the deputy public defender’s use of a certified law student to conduct appellant’s defense at trial. At all times during the trial, the student was under the direct and immediate supervision of the deputy public defender.
Clearly, the appellant is entitled to representation by counsel at every stage of the proceedings. (In re Johnson (1965) 62 Cal.2d 325 [42 Cal.Rptr. 228, 398 P.2d 420].) This entitlement includes appellant’s right to have a *Supp. 16 competent licensed attorney personally conduct his defense at trial. (People v. Ibarra (1963) 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487].)
However, the right to counsel may be waived, knowingly and intelligently, so long as the record establishes the defendant knew “ ‘what he [was] doing and his choice [was] made with eyes open.’ ” (Faretta v. California (1975) 422 U.S. 806, 835 [45 L.Ed.2d 562, 582, 95 S.Ct. 2525].) If a defendant may waive entirely his right to counsel, certainly he may waive this right to a partial extent. An agreement that a legal intern under the direct supervision of counsel could discharge some or all of counsel’s duties, would constitute such a partial waiver. As with a complete waiver of counsel, a partial waiver must be knowingly and intelligently made, and the court must make such a finding on the record.
Appellant in this case signed a form entitled “Consent to Appointment of Counsel,” which included the provision that he consented to the “services of law students to perform any service of function” which the public defender could perform, “including, but not limited to, the trial of said cause; provided that the work of such law students is performed under the direct supervision” of the deputy public defender assigned to the case. There is nothing in the record indicating this consent was given in a knowing and intelligent manner. Further, there is no indication that appellant was advised that his right to counsel included the right to have all proceedings, including the trial, conducted by a licensed staff member of the public defender’s office. Nor does the record show that appellant agreed that this particular student would conduct his defense at trial. Similarly, nothing on the record indicates appellant was advised of the right to terminate the student’s involvement and insist upon the active participation by the deputy public defender. For these reasons, we hold that the record fails to disclose that the appellant knowingly and intelligently waived his right to representation by a competent, licensed attorney. Any denial of the right to counsel requires automatic reversal without reference to the harmless error doctrine, In re Johnson (1965) 62 Cal.2d 325 [42 Cal.Rptr. 228, 398 P.2d 420]. Accordingly, we reverse appellant’s conviction.
It is conceded that the defense conducted by Ms. Steinheimer, the certified legal intern, was entirely adequate. No issue is raised as to her competence. In our view, the issue of the validity of the State Bar Rules for Practical Training of Law Students, and the legality of the acts of law students under the auspices of these rules, is not before the court.
*Supp. 17 In the future, in order to ensure that a defendant represented by a certified law student has made this choice in conformance with the Faretta standards, we suggest that the following rights be explained on the consent form to be signed by the defendant, and that similar findings be made on the record of the trial court: (1) that defendant has been advised of his right to have a competent licensed attorney personally and actively conduct his defense at every stage of the proceedings; (2) that defendant’s consent to be represented by a certified legal intern be limited to a particular student known to him; and (3) that defendant be advised of his right to terminate the student’s participation at any time, in favor of direct and active participation by the counsel of record.

Before Broderick, P. J., Breiner, J., and Wilson, J.