546 So.2d 447 (1989)
In the Interest of C.B., a Child.
No. 87-3228.
District Court of Appeal of Florida, Fourth District.
July 12, 1989.
*448 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
The appellant was tried, adjudicated delinquent, and sentenced while represented by a certified legal intern. He contends that the representation was without his consent and in violation of Florida Bar rules governing representation by a legal intern.
The Rules Regulating the Florida Bar provide, in pertinent part:
11-1.2. Activities
(a) An eligible law student may appear in any court or before any administrative tribunal in this state on behalf of any indigent person if the person on whose behalf he is appearing has indicated in writing his consent to that appearance and the supervising lawyer has also indicated in writing approval of that appearance. In such cases the supervising attorney shall be personally present when required by the trial judge who shall determine the extent of the eligible law student's participation in the proceeding.
... .
(d) In each case the written consent and approval referred to above shall be filed in the record of the case and shall be brought to the attention of the judge of the court or the presiding officer of the administrative tribunal.
Here, the defendant did not sign a written consent to the representation. There is no explanation why the written consent, required by the rule, was not obtained. Apparently it was an oversight. The legal intern has testified, in a supplemental proceeding, that the appellant was informed that she was a legal intern.
We reverse because there is not sufficient evidence in the record to refute the appellant's allegations of a lack of consent. There is no direct evidence in the record that the defendant consented to the representation, nor that such consent, if any, was knowingly given.
The fact that the defendant, a juvenile, was advised of the intern's status is no substitute for proof in the record reflecting that the defendant understood his options and knowingly waived his rights. Cf. Cheatham v. State, 364 So.2d 83 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 471 (Fla. 1979).
The judgment and sentence are reversed. We find the other issues raised by appellant to be without merit.
ANSTEAD and LETTS, JJ., concur.