NOTICE

*The text of this opinion can be corrected before the opinion is published in the* *Pacific* *Reporter.* *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| ALASKA PUBLIC DEFENDER AGENCY, | Court of Appeals No. A-12053 |
| Applicant, | Trial Court No. 3AN-14-3122 CR |
| v. | |
| | O P I N I O N |
| SUPERIOR COURT, THIRD JUDICIAL DISTRICT, ANCHORAGE, | |
| | No. 2444 — February 27, 2015 |
| Respondent. | |

Original Application for Relief from the Superior Court, Third Judicial District, Anchorage, Kevin M. Saxby, Judge.

Appearances: Douglas O. Moody, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Applicant. Dani Crosby, Dani Crosby Law Office, Inc., Anchorage, for the Respondent.

Before: Mannheimer, Chief Judge, Allard, Judge, and Hanley, District Court Judge.[*]

Judge ALLARD.

---

[*] Sitting by assignment made pursuant to Article IV, Section 16 of the Alaska Constitution and Administrative Rule 24(d).

In this original application for relief, we are asked to interpret AS 18.85.-100(a), the Alaska Public Defender Agency's "enabling" statute — *i.e.*, the statute that defines the Agency's authority to provide counsel to indigent litigants. The question is whether the Agency can be appointed to serve as "standby" or "advisory" counsel in criminal cases in which defendants have waived their constitutional right to counsel and chosen to represent themselves.

For the reasons explained here, we conclude that this enabling statute does not authorize the appointment of the Public Defender Agency for this purpose. We therefore vacate the superior court's order directing the Public Defender Agency to serve as standby counsel in this case.

*Factual background and procedural history*

The defendant in this case, Grant Matthisen, is charged with two counts of criminal non-support.[1] Although Matthisen is indigent and qualifies for the appointment of counsel at public expense, he has chosen to waive his constitutional right to counsel and to represent himself.

To assist Matthisen in representing himself, the superior court appointed the Alaska Public Defender Agency to "act in a consultative capacity." Specifically, the superior court ordered the Agency to provide an attorney to sit through Matthisen's trial "to provide ongoing legal advice and to ensure that [Matthisen] follows appropriate rules and makes appropriate objections and arguments."

---

[1]   AS 11.51.120(d).

The Public Defender Agency objected to this appointment, arguing that it exceeded the scope of representation permitted by the Agency's enabling statute.[2] The superior court disagreed, finding that the appointment was within the scope of the Agency's authority and that the appointment was properly based on considerations of fairness and due process.

The Agency then filed this original application for relief under Alaska Appellate Rule 404(a).[3]

*A note on terminology*

To begin our analysis of this case, we wish to clarify the terminology that we will be using. We will use the term "standby counsel" to describe an attorney who assists or advises a criminal defendant who has waived his right to counsel and is representing himself.

We have previously referred to this type of arrangement as a form of "hybrid representation."[4] But this is a misleading term because an attorney serving as standby

---

[2]  *See* AS 18.85.100(a).

[3]  Appellate Rule 404(a) provides that "[a]n original application for relief may be filed ... whenever relief is not available from any other court and cannot be obtained through the process of appeal, petition for review, or petition for hearing." This procedure was approved as the proper vehicle for the Agency to seek relief from a judgment it considers adverse to its statutory obligations in *Alaska Public Defender Agency v. Superior Court*, 584 P.2d 1106, 1108-09 (Alaska 1978). In that case, the issue was whether the Agency had statutory authority to represent an indigent criminal defendant charged with violating a municipal ordinance (as opposed to a state statute).

[4]  *See Ortberg v. State*, 751 P.2d 1368, 1375 (Alaska App. 1988).

counsel is not engaged in the "representation" of a criminal defendant as that term is generally understood.[5]

The term "hybrid representation" more accurately describes an entirely different arrangement, one in which a criminal defendant is represented by counsel but acts as co-counsel in a subordinate role to his or her court-appointed attorney. In this sort of arrangement, the attorney's role is accurately described as "representation" of the defendant because the attorney is still in charge of the case, and the defendant participates in the defense only in limited ways with the attorney's acquiescence — for instance, by filing supplemental motions or by cross-examining certain witnesses.[6]

We have previously recognized the crucial legal distinction between this form of co-counsel "hybrid representation" and true self-representation. Before defendants are allowed to represent themselves, the trial court must obtain a formal waiver of their right to counsel — after advising them of their right to counsel, the benefits of counsel, and the dangers of self-representation.[7] But in cases of co-counsel hybrid representation, the trial court does not necessarily need to obtain the defendant's waiver of the right to counsel because the attorney remains in charge of the litigation, and the defendant remains represented.[8]

---

[5]  *See id.*

[6]  *See Christian v. State*, 276 P.3d 479, 484-85 (Alaska App. 2012).

[7]  *See Gladden v. State*, 110 P.3d 1006, 1009-12 (Alaska App. 2005).

[8]  *See Ortberg*, 751 P.2d at 1375.

*Why we conclude that appointment of the Public Defender Agency as standby counsel is not authorized under AS 18.85.100(a)*

We have previously held that an indigent defendant has no constitutional right to the assistance of standby counsel.[9] But we have never resolved the issue of whether a trial court is authorized to appoint the Public Defender Agency, over the Agency's objection, to serve as standby counsel for a defendant who has waived his right to counsel and elected to represent himself.

The Public Defender Agency's enabling statute declares that an indigent criminal defendant is "entitled ... to be represented, in connection with the crime or proceeding, by an attorney to the same extent as a person retaining an attorney is entitled."[10] Alaska Administrative Rule 12(d) further provides that the Public Defender Agency may only accept a court appointment to represent an indigent defendant if "the basis of the appointment is clearly authorized"; otherwise, the Agency must move to withdraw.

The Public Defender Agency argues that AS 18.85.100(a) does not authorize the appointment of the Agency to serve as standby counsel because, when serving as standby counsel, the Agency does not "represent" the defendant. We agree.

The Alaska Supreme Court has stated (in the context of a claim of ineffective assistance of counsel) that a lawyer who assists a pro se litigant by functioning as standby counsel "does not serve the function of representing the litigant as an attorney" — at least not unless the lawyer "oversteps his limited role and assumes a degree of control consistent with legal representation."[11]

---

[9] *See id.*; *Annas v. State*, 726 P.2d 552, 557 (Alaska App. 1986).

[10] AS 18.85.100(a)(1).

[11] *Alyssa B. v. State, Dep't of Health and Soc. Servs., Div. of Family & Youth Servs.*,
(continued...)

We acknowledge that in *Cano v. Anchorage* we stated that trial courts had broad discretion under Alaska Criminal Rule 39 to appoint standby counsel.[12] But this statement in *Cano* was based on language that has since been deleted from Criminal Rule 39.[13] Prior to this change, Criminal Rule 39(b)(4) gave courts the discretion to appoint counsel "in any case in which appointment best serves the interest of justice."[14] That language was deleted from the rule after the director of the Office of Public Advocacy objected that the provision opened the door "to a myriad of appointments not now specified in the Public Defender and Office of Public Advocacy statutes."[15]

In its brief to this Court, the Superior Court argues that even if the Public Defender Agency's statutory obligation is limited to "representing" indigent defendants, we should construe the word "represent" broadly. The Superior Court points to a Florida Supreme Court decision that held that trial judges have the authority (under Florida's public defender statute) to appoint standby counsel for an unrepresented defendant in "the limited circumstances where such action is necessary to preserve orderly and timely proceedings."[16] The Florida statute in question states that "[t]he public defender shall

---

[11](...continued)
165 P.3d 605, 613 (Alaska 2007); *see S.B. v. State, Dep't of Health and Soc. Servs., Div. of Family & Youth Servs.*, 61 P.3d 6, 15 (Alaska 2002).

[12] *Cano v. Anchorage*, 627 P.2d 660, 663 & n.5 (Alaska App. 1981).

[13] *See* Supreme Court Order No. 1088 (eff. July 1, 1992).

[14] *Cano*, 627 P.2d at 663 n.5; *see* Supreme Court Order No. 157 (eff. Feb. 15, 1973).

[15] Memorandum from Christine Johnson, Court Rules Attorney, Alaska Court System, to the Justices of the Alaska Supreme Court. (Oct. 29, 1990) (on file with the Office of the Court Rules Attorney) (summarizing comments on proposed revisions to Criminal Rule 39).

[16] *Behr v. Bell*, 665 So.2d 1055, 1056 (Fla. 1996).

represent ... any person who is determined by the court to be indigent."[17]  Thus, the Florida Supreme Court gave a broad interpretation to the word "represent."[18]

We find the Florida court's statutory analysis unpersuasive.  As previously explained, the Alaska Supreme Court has already determined that a lawyer serving as standby counsel does *not* represent a litigant.[19]  Thus, although we recognize that having standby counsel present in the courtroom to assist pro se defendants may facilitate orderly and efficient proceedings, and that trial judges (and prosecutors) might view the attorney's presence as a benefit, nothing in the Alaska Public Defender Act authorizes the appointment of the Agency's attorneys for any purpose other than representation.[20]

Furthermore, we note that requiring the Public Defender Agency to provide standby counsel for pro se litigants could adversely affect the Agency's mission — its obligation under the statute to provide representation to indigent defendants who exercise their right to counsel — by apportioning scarce resources to defendants who do not want to be represented by the Agency's attorneys.

For these reasons, we VACATE the superior court's order appointing the Public Defender Agency as standby counsel in this case.

---

[17]  *Id.* (quoting former Fla. Stat. § 27.51 (1996)).

[18]  *See Behr*, 665 So.2d. at 1056.

[19]  *Alyssa B. v. State, Dep't of Health and Soc., Servs., Div. of Family & Youth Servs.*, 165 P.3d 605, 613 (Alaska 2007).

[20]  *See* AS 18.85.010-.180; *cf. Harris v. State*, 687 A.2d 970, 975-77 (Md. 1997) (holding that standby counsel for pro se defendant is not authorized by Maryland's Public Defender Act, which is limited to appointments for "representation" of indigent defendants).

We wish to clarify that the only decision we reach in this case is that the Public Defender Act does not authorize a trial court to appoint an Agency attorney to serve as standby counsel to assist a defendant who has chosen to represent himself. We express no opinion as to whether trial judges have the authority to appoint non-Agency lawyers to serve as standby counsel for self-represented defendants.