NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific*</u> <u>*Reporter*</u>. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

# IN THE COURT OF APPEALS OF THE STATE OF ALASKA

|  |  |
|---|---|
| STATE OF ALASKA, DEPARTMENT OF PUBLIC SAFETY,<br><br>      Petitioner,<br><br>   v.<br><br>SUPERIOR COURT,<br><br>      Respondent. | Court of Appeals No. A-13015<br>Trial Court No. 2UT-17-0028 CR<br><br>O P I N I O N<br><br>No. 2583 — January 12, 2018 |

Original Application for Relief from the Superior Court, Second Judicial District, Nome, Romano D. DiBenedetto, Judge.

Appearances: John Novak, Assistant Attorney General, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Petitioner. Matthew Tallerico, Gazewood & Weiner, P.C., Fairbanks, for real party in interest William Hoogendorn.

Before: Mannheimer, Chief Judge, and Allard and Wollenberg, Judges.

Judge ALLARD.

The Department of Public Safety seeks discretionary review of an order issued by the Nome superior court in a criminal case, *State of Alaska v. William Hoogendorn*. The order directs the Department of Public Safety to transport William Hoogendorn from the Goose Creek Correctional Center near Wasilla (where

Hoogendorn is currently housed) to the Fairbanks Correctional Center. The purpose of this transfer is to facilitate a psychological evaluation of Hoogendorn by a Fairbanks-based psychologist retained by Hoogendorn's defense attorneys. The Department of Public Safety contends that the superior court exceeded its authority when it issued this order.

Because the controversy at issue here is not between the parties to the underlying criminal action, but instead between the Department of Public Safety and the superior court, we have recaptioned this case and reclassified the Department's petition for review as an original application for relief under Appellate Rule 404.

This reclassification is in accord with the direction provided by the Alaska Supreme Court in *Surina v. Buckalew*.[1] In *Surina*, the supreme court held that a third party who is adversely affected by an order in a criminal case has essentially two options: (1) the third party can refuse to obey the order and then appeal any resulting finding of contempt under Appellate Rule 202; or (2) the third party can seek discretionary appellate review of the order by filing an original application for relief under Alaska Appellate Rule 404.[2]

Here, the Department of Public Safety has chosen to seek immediate review of the superior court's order, rather than directly refusing to comply and risking contempt. We therefore conclude that the Department's petition to this Court is properly characterized as an original application for relief under Appellate Rule 404.

We also conclude that our discretionary review is warranted in this case and that the superior court exceeded its authority when it issued this order. Accordingly, for

---

[1]    *Surina v. Buckalew*, 629 P.2d 969 (Alaska 1981).

[2]    *See Surina*, 629 P.2d at 972-73; *see also Alaska Public Defender Agency v. Superior Court*, 343 P.3d 914, 915 n.3 (Alaska App. 2015).

the reasons explained here, we grant the Department's original application for relief, and we reverse the superior court's order.

*Background facts and prior proceedings*

Earlier last year, William Hoogendorn was indicted on one count of first-degree burglary and two counts of second-degree sexual assault. His case is currently pending before the Nome superior court. Hoogendorn is represented by publicly appointed counsel — specifically, a Fairbanks-based law firm under contract with the Office of Public Advocacy. Hoogendorn has not been released on bail, and he remains in the custody of the Department of Corrections.

In August 2017, Hoogendorn's attorneys filed a motion requesting that the superior court order the Department of Corrections to transport Hoogendorn from Anvil Mountain Correctional Center in Nome (where Hoogendorn was then housed) to the Fairbanks Correctional Center. The attorneys asserted that the purpose of this transfer was to facilitate a psychological evaluation by a Fairbanks-based psychologist that the defense attorneys had retained. The attorneys argued that the psychological evaluation was essential to Hoogendorn's defense, and that it would be "more cost-effective" for the State to bear the costs of transporting Hoogendorn to the Fairbanks Correctional Center rather than have the Office of Public Advocacy pay for the Fairbanks-based defense expert to travel to Nome.

The district attorney's office apparently did not oppose the defense request, and the Department of Corrections was not served with the defense attorney's motion. The superior court subsequently granted the defense motion and ordered the Department of Corrections to transport Hoogendorn to the Fairbanks Correctional Center "for evaluation purposes."

When the Department of Corrections became aware of this order, the Department moved for reconsideration. In its motion for reconsideration, the Department of Corrections pointed out that it had not received notice of the defense attorney's request, and that it had not been given any opportunity to be heard on this matter. The Department of Corrections also pointed out that it was not the agency responsible for transporting prisoners between correctional centers; instead, under AS 33.30.081(a), the responsible agency would be the Department of Public Safety. Lastly, the Department of Corrections noted that Hoogendorn had recently been moved from the Anvil Mountain Correctional Center in Nome to the Goose Creek Correctional Center in Wasilla — a location that was easier and less expensive for a defense expert to travel to.

The superior court directed Hoogendorn's attorneys to file a response to the Department of Corrections's motion for reconsideration and to address the court's authority to order the requested transfer. In their response, Hoogendorn's attorneys continued to frame their request as a request to transport Hoogendorn from Anvil Mountain Correctional Center in Nome to the Fairbanks Correctional Center. The attorneys continued to argue that it was "more cost-effective" to order such a transport, although they provided no estimates of any costs and did not address, or acknowledge, that Hoogendorn had been moved to the Goose Creek Correctional Center in Wasilla.

The defense attorneys asserted that the court had the authority to order Hoogendorn's transfer under AS 33.30.081(f) — a statutory provision dealing with the transportation of prisoners who are (1) parties to a civil action or (2) witnesses to either a civil or criminal action.

The superior court subsequently granted the Department of Corrections's motion for reconsideration and issued a new order. The superior court's new order directed the Department of Public Safety to transport Hoogendorn to the Fairbanks

Correctional Center within fourteen days. The order also required Hoogendorn to be kept at the Fairbanks Correctional Center for up to twenty-one days to ensure that there was adequate time for "any evaluations [the defense attorneys] deemed necessary."

The record does not indicate whether the Department of Public Safety was given notice that the superior court was contemplating such an order, or whether the Department was given an opportunity to be heard prior to the issuance of the new order.

After the new order was issued, the Department of Public Safety filed a motion for reconsideration. In its motion for reconsideration, the Department of Public Safety argued that the court's order violated the separation of powers doctrine. The Department also argued that the superior court did not have the authority to order the Department to transfer a prisoner from one correctional facility to another correctional facility, especially where the primary purpose of the transfer was to reduce the defense's litigation expenses. The superior court denied the Department of Public Safety's motion for reconsideration.

The Department of Public Safety then filed a request for discretionary review by this Court and an emergency motion to stay the court's order. We stayed the superior court's order pending our review of this matter, and we now issue our formal decision resolving this original application on its merits.

*Why we reverse the superior court's order*

Alaska Statute 33.30.081 governs the transportation of prisoners. Under subsection (a) of this statute, the Department of Public Safety is the government agency responsible for "transporting a prisoner to and from the court having jurisdiction over the prisoner," and for "delivering a prisoner to a correctional facility upon temporary or

final commitment by a court or upon transfer of a prisoner from one correctional facility to another."[3]

Subsection (e) of AS 33.30.081 states that the courts have a limited authority to order the transportation of prisoners. This subsection declares: "Except as provided in (f) of this [statute] or as necessary in a criminal action pending against the prisoner, a court may not order the transportation of a prisoner."[4]

Subsection (f) of the statute addresses the authority of the courts to order the transportation of prisoners who are (1) parties to a civil action or (2) witnesses to either a civil or criminal action:

> (f) A court may order a prisoner who is a party or witness to a civil action or a witness to a criminal action to appear at a place other than within a correctional facility only if the court determines, after providing a reasonable opportunity for the commissioner to comment, that the prisoner's personal appearance is essential to the just disposition of the action. In making its determination, the court shall consider available alternatives to the prisoner's personal appearance including deposition and telephone testimony.[5]

---

[3] AS 33.30.081(a).

[4] AS 33.30.081(e).

[5] AS 33.30.081(f).

When the present matter was litigated in the superior court, the parties and the court focused on this subsection and the related case law.[6] But subsection (f) is inapplicable to the circumstances presented here.

By its terms, subsection (f) applies only when a court is asked to order the transportation of a prisoner to a place "other than within a correctional facility." Moreover, subsection (f) applies only to two sets of prisoners: (1) prisoners who are parties to a *civil* action, and (2) prisoners who are *witnesses* in a civil or criminal case. Subsection (f) does not apply to prisoners, like Hoogendorn, who are parties to a criminal case.

Instead, the only provision of AS 33.30.081 that applies to Hoogendorn's circumstances is the second clause of subsection (e) — the clause that allows a court to order the transportation of a prisoner if that transportation is "necessary in a criminal action pending against the prisoner."

Alaska Criminal Rule 38(a) sets forth the circumstances in which a defendant's physical presence is necessary *at a court proceeding* in a criminal action. But there do not appear to be any rules or regulations that directly address when it might be "necessary in a criminal action" to transport a defendant from one location to another, such as a correctional facility, for a purpose other than the defendant's appearance in court.

The Department of Public Safety asserts that the courts have no authority to order a prisoner transported from one correctional facility to another, and that any

---

[6]    *See, e.g.*, *Alex H. v. State,* 389 P.3d 35, 42-54 (Alaska 2017) (reviewing denial of incarcerated parent's request to be transported to court for termination trial); *Richard B. v. State*, 71 P.3d 811, 827 (Alaska 2003) (adopting eight factors for deciding such requests from incarcerated parents in child-in-need-of-aid cases).

court order directing the Department to do so would violate the doctrine of separation of powers. We agree with this position up to a point.

A court's authority to interfere with the internal workings of the Department of Corrections and the Department of Public Safety is extremely limited, and the case law makes it clear that the courts have no authority to designate a particular correctional facility for a defendant.[7] But we are unwilling to rule categorically that the courts have no authority to order transportation of a prisoner from one correctional facility to another under any circumstances. Conceivably, there might be extraordinary circumstances where such a transport order would be necessary to protect a defendant's physical safety or to protect a defendant's due process rights.

However, Hoogendorn's case presents no such extraordinary circumstances. Hoogendorn's attorneys claim that it would be "more cost-effective" if the psychological evaluation was conducted in Fairbanks, but the defense attorneys have not claimed that it would be impossible for the psychological examination to be conducted at the correctional facility where Hoogendorn is currently housed.

Moreover, the pleadings make clear that the defense attorneys' claim of "cost-effectiveness" is purely a relative one. That is, the defense attorneys assert that it would be more "cost-effective" *for the defense* if the Department of Public Safety bore the costs of bringing Hoogendorn to Fairbanks, as opposed to having the Office of Public Advocacy bear the costs of sending the defense expert to the Goose Creek Correctional Center in Wasilla. But the attorneys make no attempt to show that it would be objectively more cost-effective for all involved; nor do they even provide any estimate of the relative costs.

_____

[7] *See Rust v. State*, 582 P.2d 134, 137-38 (Alaska 1978); *see also State v. Combs*, 64 P.3d 135, 137 (Alaska App. 2003) (holding that the sentencing court had no authority to order Department of Corrections to house defendant separately from another inmate).

(We note that if Hoogendorn were a *witness* in a court case, the party who wished to have Hoogendorn physically transported to the site of the trial or hearing would be responsible for reimbursing the State for the cost of this transportation.[8])

We therefore agree with the Department of Public Safety that the superior court exceeded its authority when it ordered the Department to transport Hoogendorn to the Fairbanks Correctional Center.

*Conclusion*

The Department of Public Safety's original application for relief is GRANTED, and the superior court's order is REVERSED.

---

[8]   *See* AS 33.30.081(g); *see also* AS 33.30.081(h) (indigent prisoner who is a party to a civil action is not required to bear full costs of his or her transportation).