NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>*. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| REX VICTOR WESTON, | Court of Appeals No. A-14244 |
| Appellant, | Trial Court No. 3AN-21-05025 CI |
| v. | |
| | **O P I N I O N** |
| STATE OF ALASKA, | |
| Appellee. | No. 2809 — July 18, 2025 |

Appeal from the Superior Court, Third Judicial District, Anchorage, Adolf V. Zeman, Judge.

Appearances: Marilyn J. Kamm, Law Office of Marilyn J. Kamm, Anchorage, for the Appellant. Ann B. Black, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Harbison and Terrell, Judges.

Judge HARBISON.

Rex Victor Weston was convicted, following a jury trial, of felony driving under the influence and driving with a revoked license.[1] At trial, Weston was represented by a licensed attorney from the Alaska Public Defender Agency. Weston's

---

[1] AS 28.35.030(n) and AS 28.15.291(a)(1), respectively.

defense team also included a legal intern working under the attorney's supervision who gave Weston's opening statement and cross-examined one of the State's witnesses. We affirmed Weston's convictions on direct appeal.[2]

Weston then filed two successive applications for post-conviction relief. In the first application, Weston argued, *inter alia*, that he was denied his constitutional right to counsel because he had not consented to the legal intern's participation in his trial. The superior court dismissed this claim, noting that Weston had not objected to the legal intern's participation or alleged any prejudice from the intern's participation.

Weston then filed a second application under *Grinols v. State*, arguing that his first post-conviction attorney provided ineffective assistance of counsel.[3] More specifically, Weston argued that his first post-conviction attorney erred by not including Weston's affidavit or other evidence to refute his trial attorney's affidavit. Weston's application included an affidavit signed by Weston in which he stated that he had not consented to the intern's participation in his trial. The superior court dismissed the application, rejecting Weston's underlying legal argument that his right to counsel was violated when he did not give affirmative consent to the legal intern's participation in his trial. The court also concluded that Weston had not pleaded a *prima facie* case of prejudice. Weston now appeals the dismissal order.

We affirm the superior court's rejection of Weston's underlying legal claim. At Weston's trial, the intern's participation complied with the requirements of Alaska Bar Rule 44, which allows certain law students to "appear and participate" in superior court proceedings, provided that they have permission from the court and that

---

[2]   *Weston v. State*, 2015 WL 5000563, at *2 (Alaska App. Aug. 19, 2015) (unpublished).

[3]   *See Grinols v. State*, 74 P.3d 889, 896 (Alaska 2003) (holding that the right to effective representation requires that a defendant "must be given the opportunity to challenge the effectiveness of [their initial post-conviction] counsel in a second petition for post-conviction relief").

"the attorney representing the client is personally present and able to supervise the intern and has filed an entry of appearance with the court."[4] Given that the defense attorney was present throughout the trial and the intern's participation complied with this rule, we conclude that Weston was not denied the right to counsel under the Alaska or United States Constitutions.

*Underlying proceedings*

In 2012, the State charged Weston with felony driving under the influence and driving with a revoked license.[5] The Alaska Public Defender Agency was appointed to represent him, and Weston was represented by an assistant public defender at trial. An intern with the Public Defender Agency acting under the supervision of Weston's attorney also assisted at trial, giving the opening statement and cross-examining one of the State's witnesses. Weston's attorney conducted all other aspects of Weston's trial herself.[6]

The jury found Weston guilty of both charges, and Weston was sentenced to a composite term of 5 years to serve. We affirmed Weston's convictions and sentence on direct appeal.[7]

Weston then filed an application for post-conviction relief, claiming that he never consented to the legal intern's participation at trial and that the intern's participation deprived him of his constitutional right to counsel.[8] The application

---

[4]   Alaska Bar R. 44(5)(a).

[5]   AS 28.35.030(n) and AS 28.15.291(a)(1), respectively.

[6]   *Weston v. State*, 2020 WL 6305676, at *1 (Alaska App. Oct. 28, 2020) (unpublished).

[7]   *Weston*, 2015 WL 5000563, at *2.

[8]   Weston also claimed that his trial attorney provided ineffective assistance of counsel by failing to obtain an expert to testify that the DataMaster machine has a margin of error.

included the affidavit of Weston's trial attorney, but it did not include the affidavit of Weston himself. In the trial attorney's affidavit, she explained that while she had no specific memory of discussing the intern's participation with Weston, her "general practice" was to have this discussion and "ensure that [her] client [was] comfortable with the situation." The attorney affied that she believed she followed her general practice in Weston's case.

The superior court dismissed Weston's application for failure to state a *prima facie* case. We affirmed this order on appeal.[9] We explained that while the trial attorney provided an affidavit "indicat[ing] that Weston knowingly consented to the intern's participation," Weston "never offered his own affidavit to rebut his trial attorney's assertions."[10]

Weston then filed a second application for post-conviction relief under *Grinols v. State*.[11] Weston argued that his post-conviction attorney provided ineffective assistance of counsel by failing to submit Weston's affidavit — which, he asserted, would have provided a factual foundation for his denial of counsel claim.[12] The second application also included Weston's affidavit, in which Weston denied consenting to the legal intern's participation in his trial.

---

The superior court dismissed this claim at the *prima facie* stage, and Weston did not renew this claim in his second post-conviction relief application.

[9] *Weston*, 2020 WL 6305676, at *5.

[10] *Id.* at *3.

[11] *See Grinols v. State*, 74 P.3d 889, 894-95 (Alaska 2003).

[12] *See Risher v. State*, 523 P.2d 421, 425 (Alaska 1974) (holding that to establish ineffective assistance of counsel, the defendant must show that the attorney's performance did not conform to the standard of competence of a lawyer with ordinary training and skill in criminal law and also that the attorney's incompetence contributed to the conviction).

The State moved to dismiss this second application, arguing that Weston had failed to establish a *prima facie* case under *Grinols*. The superior court agreed, finding that even if Weston had not consented to the intern's participation at his trial, Weston had not been denied his right to counsel because the legal intern had simply assisted the attorney who had been representing him all along. The court also found that there was no reasonable possibility that the outcome of Weston's trial would have been different had the legal intern not given the opening statement and cross-examined a witness. The superior court accordingly dismissed Weston's second application for failure to state a *prima facie* case.

Weston now appeals.

*Because the intern's participation complied with Alaska Bar Rule 44 and Weston's licensed attorney was present and supervising the intern at all times, Weston's right to counsel was not violated*

Weston's appeal implicates an issue of first impression in Alaska: when a legal intern under the immediate supervision of a licensed attorney performs certain tasks at trial in compliance with Alaska Bar Rule 44, does the court first need to obtain a partial waiver of counsel from the defendant? Or does the intern's compliance with the bar rule and the presence of the defendant's licensed attorney satisfy the constitutional right to counsel?

The Sixth Amendment to the United States Constitution and Article I, Section 11 of the Alaska Constitution afford every criminal defendant the right to the assistance of counsel at all critical stages of criminal prosecution.[13] This Court has previously interpreted the right to "counsel" to mean the right to representation by a

---

[13] U.S. Const. amend. VI; Alaska Const. art. I, § 11; *see also Roberts v. State*, 458 P.2d 340, 342 (Alaska 1969) (holding that "it was not the intent of the Alaska Constitutional Convention, in adopting a portion of the wording of the Sixth Amendment, to give to article I, section 11 any broader application than that portion of the Sixth Amendment had been given by the United States Supreme Court").

licensed attorney.[14] A defendant may only waive this right if the waiver is knowing, voluntary, and intelligent.[15]

On appeal, Weston argues that the superior court should have obtained a partial waiver of counsel from Weston before allowing the legal intern to help at his trial. Weston's claim rests on the underlying assumption that while a legal intern performs certain trial tasks, such as giving an opening statement and cross-examining a witness, the defendant is not receiving the assistance of "counsel" within the meaning of the United States and Alaska constitutions. In response, the State argues that Weston did not have the right to counsel of his own choosing and that Weston was not denied the right to counsel because the legal intern was permitted under Alaska Bar Rule 44 and practiced within the scope of that rule.

Alaska Bar Rule 44 authorizes students enrolled in law school who have completed at least one-half of the course work for a law degree to apply for a "legal intern permit" by filing with the bar a written request for the permit and a letter from an attorney authorized to practice law in Alaska agreeing to supervise the intern, as well as filing proof of their eligibility for the permit.[16]

---

[14] *Skuse v. State*, 714 P.2d 368, 369-72 (Alaska App. 1986).

[15] Under the Alaska and United States Constitutions, criminal defendants that are capable of *pro se* representation have the right to waive counsel and represent themselves. *McCracken v. State*, 518 P.2d 85, 90-91 (Alaska 1974); *Faretta v. California*, 422 U.S. 806, 819-22 (1975). However, criminal defendants do not have a constitutional right to reject counsel and instead be represented by a person who is not a licensed attorney. *Skuse*, 714 P.2d at 369-72; *Annas v. State*, 726 P.2d 552, 556-57 (Alaska App. 1986) (stating that a "trial court must first determine a person's competence to waive an attorney's assistance before permitting self-representation, either alone or with lay assistance"); *Newton v. State*, 1987 WL 1357215, at *1 (Alaska App. Dec. 16, 1987) (unpublished) (declining to construe the Alaska Constitution more expansively than the United States Constitution in regards to granting defendants the right to representation by a lay person).

[16] Alaska Bar R. 44(2)-(3)(a).

Once permitted, legal interns may participate in court proceedings to the extent allowed under section 5 of the rule. Section 5(a) allows legal interns to "appear and participate in all trial court proceedings" to the extent permitted by the judge in the case as long as "the attorney representing the client is personally present and able to supervise the intern and has filed an entry of appearance with the court."[17] This part of Bar Rule 44 also authorizes legal interns to participate in cases before this Court and to sign briefs or motions filed in the Alaska Supreme Court, as long as the supervising attorney also signs the document.[18]

Section 5(b) of Bar Rule 44 separately allows legal interns to "appear and participate before any district court in small claims matters, and all district court criminal matters, with the exception of trials and evidentiary hearings, without an attorney being personally present to supervise the intern." However, a legal intern can do so only if (1) the supervising attorney has filed an affidavit with the judge stating that the attorney has previously supervised the intern in similar proceedings and the intern is competent to conduct the proceedings without the personal presence of the attorney, (2) the client consents to the appearance of the legal intern, and (3) the judge agrees to permit the representation.[19]

Bar Rule 44 therefore is clear as to when a defendant's consent is required in order for a legal intern to participate in their defense. Under the rule, a legal intern may appear without a licensed attorney in pretrial and non-evidentiary hearings in district court cases (*i.e.*, in misdemeanor cases and in district court proceedings in felony cases), but only if the defendant has consented to the intern appearing for them. But the rule does not require the defendant's consent for a legal intern to appear in any

---

[17] Alaska Bar R. 44(5)(a).

[18] *Id.*

[19] Alaska Bar R. 44(5)(b).

trial court proceeding where the defendant's attorney is also present and is supervising the intern.

Weston does not dispute that the legal intern's participation in his case complied with Alaska Bar Rule 44. That is, he does not contest that the legal intern who participated in his defense had a valid legal intern permit, and he acknowledges that his attorney was at all times present and supervising the intern. Instead, Weston argues that the participation of the intern in his defense without his consent violated the right to counsel contained in the Sixth Amendment of the U.S. Constitution and Article I, Section 11 of the Alaska Constitution.[20]

The Washington Supreme Court considered a similar argument in *City of Seattle v. Ratliff*.[21] *Ratliff* concerned a Washington court rule that allowed certain law students who had completed two-thirds of their studies to engage in the limited practice of law if their application was signed by a member of the bar who agreed to supervise and assume responsibility for the legal intern's work.[22] Legal interns practicing under this rule were allowed to try nonjury cases in courts of limited jurisdiction without the presence of a supervising lawyer if they had previously tried a nonjury case with a supervising lawyer.[23]

The Washington Supreme Court explained that the term "counsel," as used in the Washington Constitution and the Sixth Amendment includes "those persons

---

[20] U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."); Alaska Const. art. I, § 11 ("The accused is entitled . . . to have the assistance of counsel for his defense."). Weston also does not argue that he received ineffective assistance of counsel at his trial, either from his attorney or from the legal intern.

[21] *City of Seattle v. Ratliff*, 667 P.2d 630 (Wash. 1983).

[22] *Id.* at 632.

[23] *Id.*

authorized by the courts to practice law" — that is, the term includes those persons a court has adjudged fit to practice by virtue of their character and training.[24] And because the Washington Supreme Court is vested with the inherent authority to regulate the practice of law in Washington, its rules setting forth who may practice law define who is considered "counsel" under the Sixth Amendment.[25] There was, therefore, "no per se impropriety in allowing legal interns to appear in criminal proceedings" if they did so in compliance with the Washington Supreme Court's rules.[26] We agree with this reasoning and conclude that it applies to the practice of law in Alaska courts. The Alaska Constitution vests in the Alaska Supreme Court the inherent authority to regulate who may practice law in Alaska courts.[27] The Alaska Supreme Court promulgated Alaska

---

[24] *Id.* (citing *Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 474 (N.D. Tex. 1975), *aff'd sub nom.*, *Taylor v. Montgomery*, 539 F.2d 715 (7th Cir. 1976), and *aff'd sub nom.*, *Pilla v. Am. Bar Ass'n*, 542 F.2d 56 (8th Cir. 1976)). The court in *Turner* discussed the history of the concept of counsel in the early United States:

> All States required that applicants to the Bar must meet some minimal standards, although the standards were not at all uniform. Some States had stringent standards of admission, whereas other States eventually eliminated all requirements for admission to the Bar, except good moral character. Notwithstanding the apparent ease with which one could enter the practice of law in some States, one did not do so except by permission of some governing body, and laymen did not practice law.

*Turner*, 407 F. Supp. at 474 (citing Lawrence M. Friedman, *A History of American Law* 276-77 (1st ed. 1973)).

[25] *Ratliff*, 667 P.2d at 631-32.

[26] *Id.*

[27] Alaska Const. art. IV, § 1 ("The judicial power of the State is vested in a supreme court, a superior court, and the courts established by the legislature."); *In re Houston*, 378 P.2d 644, 645 (Alaska 1963) (holding that Article IV, Section 1 of the Alaska Constitution gives the Alaska Supreme Court jurisdiction to provide the "final power and authority to determine the standards for admissions to the practice of law in [the] state").

Bar Rule 44 pursuant to this authority.[28] By complying with Alaska Bar Rule 44, the legal intern who participated in Weston's trial established that they were fit to practice law in accordance with the limitations set out by the rule.

We also agree with the reasoning of courts from other jurisdictions which have determined that the failure to obtain a defendant's consent to the participation of a legal intern in their defense does not amount to a violation of the right to counsel as long as a licensed attorney was present and supervised the intern.[29] *In re Denzel W.*, a case decided by the Illinois Supreme Court, is representative of the reasoning of these courts.[30] There, the court concluded that the presence of the defendant's attorney satisfied the constitutional right to counsel, notwithstanding the law student's participation.[31]

*In re Denzel W.* was a consolidated appeal of two cases in which law students, appearing under Illinois's equivalent to Alaska Bar Rule 44, assisted public

---

[28] *See Citizens Coal. for Tort Reform, Inc. v. McAlpine*, 810 P.2d 162, 165 (Alaska 1991) (explaining that it adopted the Alaska Bar Rules pursuant to its inherent judicial power).

[29] *See State v. Perez*, 745 So. 2d 166, 178-79 (La. App. 1999) ("It is well-settled that a defendant is considered to have been represented by counsel where he is represented by a student practitioner and a qualified attorney."); *Parker v. State*, 887 P.2d 290, 297 (Okla. Crim. App. 1994) (concluding that the participation of the legal intern without the defendant's consent did not violate the defendant's right to counsel because the defendant "was at all times represented by his attorney of record"); *see also People v. Perez*, 594 P.2d 1, 8 (Cal. 1979) ("Because defendant was at all times represented by both an actively participating supervising attorney and a certified law student, he did have representation of counsel. Accordingly, no waiver of his right to counsel was required by either state or federal Constitution."). *But see People v. Miller*, 152 Cal. Rptr. 707, 709 (Cal. App. Dep't Super. Ct. 1979) (discussed *infra* text accompanying note 43).

[30] *In re Denzel W.*, 930 N.E.2d 974 (Ill. 2010).

[31] *Id.* at 982.

defenders at a bench trial and an evidentiary hearing, respectively.[32] On appeal, the defendants argued that their constitutional right to counsel was violated because the law students were allowed to perform legal tasks during these court proceedings (including examining witnesses) without first obtaining a partial waiver of counsel.[33]

The Illinois Supreme Court rejected this claim. Notably, the court rejected the underlying premise of the appellants' argument that they were without counsel when the law students were assisting in their cases.[34] The court observed that the defendants were at no time "represented by law students *alone*," but rather, that they were concurrently "represented by fully licensed assistant public defenders who were present and actively involved in the representation."[35] The *In re Denzel W.* court thus held that the defendants were not denied the constitutional right to counsel:

> The presence of the licensed attorney, who certainly is counsel for constitutional purposes, is not somehow "cancelled out" by the law student's participation, even if the law student has not complied with [the Illinois practice rule]. Where the supervising attorney properly supervises the . . . law student and remains responsible for the representation, . . . we hold that the defendant has not been denied counsel.[36]

In *Alaska Public Defender Agency v. Superior Court*, this Court relied on similar reasoning in the context of "hybrid representation" — an arrangement where "a criminal defendant is represented by counsel but acts as co-counsel in a subordinate role

---

[32] *Id.* at 976-77; *see* Ill. Sup. Ct. R. 711.

[33] *In re Denzel W.*, 930 N.E.2d at 983.

[34] *See id.* at 982-83.

[35] *Id.* at 982 (emphasis added).

[36] *Id.*

to his or her court-appointed attorney."[37] We explained that when a defendant is granted hybrid counsel status, the defendant remains represented by counsel, even if they participate in trial by filing motions or cross-examining witnesses:

> In [the hybrid counsel] arrangement, the attorney's role is accurately described as "representation" of the defendant because the attorney is still in charge of the case, and the defendant participates in the defense only in limited ways with the attorney's acquiescence — for instance, by filing supplemental motions or by cross-examining certain witnesses.[38]

We thus concluded that, prior to granting a defendant hybrid counsel status, the trial court "does not necessarily need to obtain the defendant's waiver of the right to counsel because the attorney remains in charge of the litigation, and the defendant remains represented."[39]

Applying this reasoning to Weston's case, we conclude that Weston was not denied the constitutional right to counsel. Weston was represented at trial by a licensed defense attorney. This attorney supervised as the legal intern gave an opening statement and cross-examined a witness, but otherwise "conducted all aspects of Weston's trial herself."[40] Thus, even if we were to credit Weston's assertion that he never consented to the legal intern's participation, "[t]he presence of the licensed attorney, who certainly is counsel for constitutional purposes, is not somehow 'cancelled out' by the law student's participation."[41]

---

[37] *Alaska Pub. Def. Agency v. Superior Ct.*, 343 P.3d 914, 915 (Alaska App. 2015).

[38] *Id.*

[39] *Id.* (citing *Ortberg v. State*, 751 P.2d 1368, 1375 (Alaska App. 1988)).

[40] *Weston v. State*, 2020 WL 6305676, at *1 (Alaska App. Oct. 28, 2020) (unpublished).

[41] *In re Denzel W.*, 930 N.E.2d at 982.

We do not find persuasive any of the cases that Weston cites to as contrary authority. In *People v. Miller*, a California court concluded that a law student could not participate in a case unless the defendant knowingly and intelligently entered a partial waiver of their right to counsel.[42] But *Miller* contains little legal reasoning, and in any event, it was implicitly overturned by a later decision of the California Supreme Court, *People v. Perez*.[43] Further, as we have explained, we find that the reasoning of *In re Denzel W.* is persuasive and aligns with similar reasoning from this Court's decision in *Alaska Public Defender Agency v. Superior Court*.

In a different case, *In re C.B.*, a Florida court reversed an adjudication of delinquency because the defendant did not consent to a law student participating in his defense.[44] Although the Florida court reversed the adjudication, it did so solely because the applicable bar rule did not allow law students to appear in court without the consent of the defendant.[45] The case did not involve a claimed constitutional violation, and the court's decision accordingly did not address the constitutional right to counsel.

And in *Daniels v. State*, this Court reversed the trial court's dismissal of Daniels's appointed attorney after the State identified a conflict of interest.[46] Citing to *Daniels*, Weston argues that he has a right to "counsel of his choice," which includes the right to exclude the intern from his defense team. But contrary to Weston's assertion, the constitutional right to counsel of one's choice does not apply to indigent

---

[42] *People v. Miller*, 152 Cal. Rptr. 707, 709 (Cal. App. Dep't Super. 1979).

[43] *People v. Perez*, 594 P.2d 1, 8 (Cal. 1979) ("Because defendant was at all times represented by both an actively participating supervising attorney and a certified law student, he did have representation of counsel. Accordingly, no waiver of his right to counsel was required by either state or federal Constitution.").

[44] *In re C.B.*, 546 So. 2d 447, 448 (Fla. Dist. App. 1989).

[45] *Id.*

[46] *Daniels v. State*, 17 P.3d 75, 82-83, 86 (Alaska App. 2001).

defendants who receive court-appointed counsel.[47] Indeed, it is well-settled that indigent defendants who receive court-appointed counsel have "no right to demand a particular attorney."[48]

For all these reasons, we conclude that when a licensed attorney is present and supervising a legal intern and the legal intern's appearance complies with Alaska Bar Rule 44, a defendant is represented by "counsel" under the United States and Alaska Constitutions.[49]

---

[47] *Id.* at 81-82. As we explained in *Daniels*, the right to counsel is a "conditional right to counsel" even when a defendant hires their own attorney because courts have the authority to disqualify a defense attorney if it is "necessary to ensure the integrity of the judicial process." *Id.*

[48] *Id.* at 82; *see also Coleman v. State*, 621 P.2d 869, 878 (Alaska 1980) ("[I]ndigent defendants are not constitutionally entitled to counsel of their choice or private appointed counsel in lieu of a public defender attorney as a matter of right."). Weston also cites to *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2009) as support for his assertion that he was denied the right to counsel of his choice. But as was the case in *Daniels*, in *Gonzalez-Lopez*, the defendant hired their own attorney and was not represented by public counsel. *Gonzalez-Lopez*, 548 U.S. at 142.

[49] In Weston's reply brief, he points out that a majority of states nationwide have enacted rules that "expressly require a defendant's written consent to representation by a law student." However, these rules reflect the policy choices of those individual states — not a mandate of the Sixth Amendment right to counsel.

The Alaska Supreme Court has the authority to regulate the practice of law in this state. *See* Alaska Const. art. IV, § 1; *see, e.g., In re Houston*, 378 P.2d 644, 645 (Alaska 1963) (interpreting the Alaska Constitution in accordance with "the great majority of the states which [have held] that the supreme court of a state has the inherent and final power and authority to determine the standards for admission to the practice of law in that state"); *see also In re Park*, 484 P.2d 690, 691 (Alaska 1971) (reaffirming its holding in *In re Houston*). Pursuant to this authority, the Alaska Supreme Court enacted Alaska Bar Rule 44. If the supreme court determines that it is prudent for Alaska to adopt a written waiver requirement, it may amend Bar Rule 44.

*The superior court did not err in dismissing Weston's application for failure to state a __prima facie__ claim for relief*

Weston's application for post-conviction relief alleged that he had received ineffective assistance from the attorney who represented him in his first post-conviction relief action.[50]

In order to establish ineffective assistance of counsel, a defendant must establish that their attorney's performance did not conform to the standard of competence of a lawyer with ordinary training and skill in criminal law and also that the lack of competency contributed to the conviction.[51] As we have explained, Weston's application alleged that his previous attorney failed to submit evidence that he had not consented to the legal intern's participation in his trial and that this failure was incompetent.

But, as we noted above, Weston's previous application did not allege that the defense attorney was absent from the trial or failed to supervise the legal intern during the trial, nor did it allege that the legal intern's participation failed to comply with the requirements of Alaska Bar Rule 44. Thus, even if the attorney who represented Weston in that case had provided an affidavit stating that Weston had not consented to the intern's participation, this would have had no impact on the outcome of that proceeding because Alaska Bar Rule 44 does not require a defendant's consent for a legal intern to participate in trial court proceedings as long as the defendant's attorney is also present during the proceeding and is supervising the intern. We accordingly conclude that the superior court did not err in dismissing Weston's subsequent

---

[50] *See Grinols v. State*, 74 P.3d 889, 894-95 (Alaska 2003) (holding that the right to effective representation requires that a defendant have "the opportunity to challenge the effectiveness of [their post-conviction] counsel in a second petition for post-conviction relief").

[51] *Risher v. State*, 523 P.2d 421, 424-25 (Alaska 1974).

application for post-conviction relief for failure to state a *prima facie* case of ineffective assistance of counsel.

*Conclusion*

The judgment of the superior court is AFFIRMED.